**RABINOWITZ, GALINA & ROSEN**
Attorneys at Law
94 WILLIS AVENUE
MINEOLA, NEW YORK 11501
T. (516) 739-8222
F. (516) 739-8225

Michael M. Rabinowitz
Michael R. Galina (1963-2017)
Gayle A. Rosen (grosen@randglaw.net)
Susan J. Deith
Lisa A. Gutman


August 24, 2020

**Via ECF**
Hon. Lewis J. Liman, USDJ
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Casmento v Volmar Construction, Inc.
      Case No. 20 cv 0944

Dear Judge Liman:

      We represent Defendants Volmar Construction, Inc., Efstathia Marinakis, and John Volandes (hereinafter collectively referred to as "Defendants") in the above matter.

      We respectfully submit this letter motion pursuant to Local Rule 6.3 seeking reconsideration of this Court's August 10, 2020 Order. (Doc. 20).

      As the Court will recall, by letter dated August 3, 2020 (Doc. 19), Plaintiff moved pursuant to Local Rule 37.2 and Rule 4.B. Plaintiff requested, inter alia, an informal conference or alternatively, an order.

      Unfortunately, we were unclear as to whether or not the ~~mistakenly believed that the~~ Court would schedule a conference to address the issues raised. ~~and due to reduced work hours for both myself and myself staff due to COVID-19, we did not investigate further.~~ We have been staggering ~~juggling~~ the schedules of all of our personnel, so as to comply with the social distancing mandates of the COVID-19 pandemic, and the Court issued its order prior to our having an opportunity to respond to Plaintiff's letter motion.

As such, we respectfully request reconsideration of the August 10, 2020 Order and upon reconsideration request that an informal conference be scheduled or alternatively, that the following be considered in response to Plaintiff's August 3, 2020 motion.

1. **ESI**
   Defendants are in the process of retaining a legal, compliance, and analytics solutions company to assist with providing a reasonable search for responsive ESI. Plaintiff's employment with Defendants was relatively short (approximately 18 months) and Plaintiff did not work at the subject Project (26 Federal Plaza) in issue during his entire employment. In addition, the nature of Plaintiff's job necessitated frequent, extensive electronic communications with many individuals, both inside and outside of Defendants' organization. Therefore, Defendants respectfully submit that a reasonable ESI search is limited to those communications pertaining to the cessation of Plaintiff's employment, Plaintiff's work performance, Plaintiff's reporting of purported safety violations, and responses thereto.

2. **Plaintiff's personnel file**
   To be produced. (RFP 2)

3. **Hiring, Firing and Performance Reviews**
   To be produced. (RFP 3)

4. **Volmar Contract with US Office of General Services for 26 Federal Plaza**
   Defendants will produce the non-precluded portions of its contract. Defendants are prohibited from releasing portions of the plans and specifications. (RFP 10)

5. **Plaintiff's requests for, inter alia, *any and all* documents and communications related to any:**

   Health and Safety Plan/Site Safety Plan (RFP 11); Asbestos Removal Plan/Asbestos Remediation Plan/Asbestos Investigator Report/Asbestos Control Program Forms (RFP 12 and 13); Lead Removal Plan/Lead Remediation Plan (RFP 14); Job Hazard Analysis (RFP 15); Fire Safety System/Fire Suppression System (RFP 16); Environmental Contractor/ Environmental Consultant (RFP 18); Fire Safety Contractor/Fire Safety Consultant (RFP 19);

   would require an expenditure of resources (time and money) disproportional to Plaintiff's claims and the amounts sought by Plaintiff. In addition, these documents are not reasonably related to whether Plaintiff was terminated for reporting purported safety violations. Alternatively, should the Court determine that these documents be produced, same should be limited to the time period during which Plaintiff was employed and whether Plaintiff reported purported safety violations relating thereto.

RABINOWITZ, GALINA & ROSEN

Plaintiff's requests for, inter alia, *any and all* documents and communications related to any: Employee Safety/Employee Orientation/Employee Attendance Records or Attendance Log (RFP 20); and Periodic Safety Records (RFP 21 and 22) have no relevance to Plaintiff's claims.

Thank you for your consideration.

Very truly yours,

*/s/ Gayle A. Rosen*

Gayle A. Rosen
Cc: Mullen P.C. via ECF

The motion for reconsideration of the Court's August 10, 2020 Order is DENIED, except as follows:

Defendants need not produce those portions of the plans and specifications for the 26 Federal Plaza Site contract that Defendants claim they are prohibited from disclosing, except to the extent that those portions contain safety standards.

The deadline for fact discovery is extended to September 15, 2020.

The parties are to submit a revised joint Case Management Plan and Scheduling Order by August 31, 2020 at 5:00 p.m.

SO ORDERED. 8/26/2020.

LEWIS J. LIMAN
United States District Judge