WESLEY M. MULLEN                                          MULLEN P.C.
                                                      THE METLIFE BUILDING
                                              200 PARK AVENUE | SUITE 1700
                                                      NEW YORK, NY 10166

                                                              October 5, 2020

Hon. Lewis J. Liman                    The request for a conference is DENIED without
United States District Judge           prejudice. The parties are directed to meet and
Southern District of New York          confer regarding custodians, search terms, and other
500 Pearl Street                       parameters.
New York, NY 10007

                                       SO ORDERED. 10/9/2020.
VIA CM/ECF
                                                      LEWIS J. LIMAN
                                                      United States District Judge

            Re:    Casmento v. Volmar Construction, Inc. et al.,
                   No. 20 CV 0944 (LJL)

Your Honor,

I represent Plaintiff Clifford Casmento, Jr, in this whistleblower case.

Pursuant to Local Rule 37.2 and Rule 4.B of the Court's Individual Practices, I write
to request a conference regarding Plaintiff's anticipated motion to compel
Defendants' compliance with the Court's order to produce responsive ESI.

**I.    The Court Ordered Defendants to Conduct
        A Reasonable Search for Responsive ESI**

By Order entered August 10, 2020, the Court granted Plaintiff's letter motion to
compel discovery. (ECF Doc. 20 (Order) (8/10/20) at ¶ 1 (Defendants are
ORDERED to conduct a reasonable search for responsive ESI on pain that, if
Defendants do not do so, Plaintiff may move for sanctions … .").)

Defendants sought reconsideration of the Order. The Court denied the motion for
reconsideration. (ECF Doc. 25.)

**II.   Defendants Still Have Not Conducted
        A Reasonable Search for Responsive ESI**

After requesting and receiving an extension of time to comply with the Order, (ECF
Doc. 30), Defendants produced ESI to Plaintiff on September 22, 2020.

The production is patently deficient because it includes no ESI from any custodian
other than the Plaintiff. Defendants concede that they have not even searched their
own email or other electronic systems. (*See* Exhibit A at 2 (email from Defs' counsel
to Pl's counsel) (admitting that defendants' ESI search covered only "Mr.
Casmento's laptop … and cell phone.").)

Defendants' noncompliance cannot be the result of inadvertence. Plaintiff
specifically identified Defendants' failure to search relevant custodians in

correspondence to Defendants and in his first motion to compel.[1] And Plaintiff identified the missing custodians by name.[2]

All of the named custodians possess discoverable ESI:  Defendants identified each of them as persons in possession of discoverable information. (*See* Defs.' Rule 26(a) Disclosures (Exhibit B).)

Moreover, Defendants' failure to search custodians other than the Plaintiff is contrary to their own representations about the diligent conduct of discovery in compliance with the Order. Defendants claim to have "retain[ed] a legal, compliance, and analytics solutions company to assist with providing a reasonable search for responsive ESI." (ECF Doc. 23 at 2.) Defendants represented that they "extracted … data from all devices[.]" (ECF Doc. 28 at 1.) Yet Defendants' continued failure even to *search* for responsive ESI — after months of effort at Plaintiff's expense — is inconsistent with Defendants' representation that they hired a competent third party to conduct a reasonable search.

### III.     Certification Pursuant to Local Rules

Pursuant to Local Rule 37.2 and the Court's Individual Practices, I conferred with Ms. Rosen by email and by telephone in an attempt to resolve this dispute. (*See* Exhibit A (email correspondence).) We spoke by phone on Thursday, October 1.

Defendants have not agreed to produce ESI from the custodians they themselves identified as likely to possess relevant information. The noncompliance persists notwithstanding the Court's Order.

### IV.     Conclusion

Accordingly Plaintiff requests that Defendants be required immediately to cure their discovery default, and that the Court order Defendants "to pay the reasonable expenses, including attorney's fees, caused by the[ir] failure" to comply with the Order. Fed. R. Civ. P. 37(b)(2)(C). Alternatively, Plaintiff requests a conference.

Respectfully,

Wesley M. Mullen

cc:      Gayle Rosen, Esq. (via CM/ECF and email)

---

[1] *See* Pl's First Mot. (ECF Doc. 19) ("Defendants' production contains no ESI from many relevant custodians.").

[2] Ltr. from Pl's Counsel to Defs' Counsel (6/30/2020) (ECF Doc. 19-2) at 2 ("The production contains no email from … John Volandes; Artemios Marinakis; Peter Volandes; Mike Marinakis; Ted Kouridakis; Joseph Mosca; Hemant Shah; [and] George Kapasakis" and "contains only limited email … from Defendant … Marinakis and … Jazmine Ottley, whom we understand to be engaged in hiring and firing decisions.").