```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
CLIFFORD CASMENTO, JR.,                                          :
                                                                 :
                              Plaintiff,                         :
                                                                 :         20-cv-0944 (LJL)
               -v-                                               :
                                                                 :         OPINION AND ORDER
VOLMAR CONSTRUCTION, INC., EFSTATHIA                             :
MARINAKIS, and JOHN VOLANDES,                                    :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Defendants Volmar Construction, Inc. ("Volmar"), Efstathia Marinakis ("Marinakis"), and John Volandes ("Volandes") (collectively, "Defendants") move, pursuant to Fed. R. Civ. P. 56, for summary judgment on the complaint filed by Plaintiff Clifford Casmento, Jr. ("Plaintiff" or "Casmento"). Defendants argue, first, that Plaintiff has presented no evidence to create a genuine issue of fact that his employment was terminated and that, based on the undisputed facts, there is no genuine dispute as to the fact that Plaintiff resigned his employment. Defendants also argue that Plaintiff did not provide notice of the action to the New York State Attorney General as required by New York Labor Law § 215(2)(b). Finally, Defendants argue that the determination of the Occupational Safety and Health Administration ("OSHA") to close its administrative investigation into whether Defendants retaliated against Plaintiff in violation of Section 11(c) of the Occupational Safety and Health Act (the "Act") based on a finding that Plaintiff "voluntarily resigned" from his employment should be accorded res judicata effect as to Plaintiff's New York Labor Law claim.

For the following reasons, the motion for summary judgment is denied.

## BACKGROUND

In October 2017, Plaintiff began working as the corporate safety director for Volmar. Volmar operates a construction site within the federal building at 26 Federal Plaza in Manhattan (the "26 Federal Plaza Site").

Plaintiff alleges that he complained to Volmar about critical safety violations at the 26 Federal Plaza Site on many occasions in April and May 2019. Among other things, Plaintiff alleges that unlicensed Volmar workers were illegally performing high-risk electrical work without supervision and had repeatedly cut into live wires; were handling asbestos-containing material without inspection or abatement; and were allowing dust to penetrate ventilation equipment, posing serious environmental risks to federal personnel in occupied areas of the building. Plaintiff also alleges Volmar was conducting its heavy and high-risk construction work at the 26 Federal Plaza Site without a full-time site safety officer as required by law.

Plaintiff alleges that, after he reported these safety violations, Volandes demoted him on June 2, 2019 and Marinakis ultimately fired him on June 3, 2019. Defendants deny that Plaintiff was fired and assert that on or about May 21, 2019, Plaintiff met with Volandes and Marinakis regarding an increase in salary and other employment issues, and thereafter, Plaintiff gave two weeks' notice of his resignation.

Plaintiff initiated this action on February 4, 2020, bringing a claim of retaliation in violation of New York Labor Law § 215.1. Dkt. No. 1. Defendants filed an answer on March 3, 2020, Dkt. No. 14, and the Court entered a case management plan providing for the close of fact discovery by August 14, 2020, Dkt. No. 16. On August 3, 2020, Plaintiff moved to compel discovery, Dkt. No. 19, which the Court granted after Defendants failed to respond, Dkt. No. 20. Defendants moved for reconsideration, Dkt. Nos. 21, 23, which the Court largely denied in part, Dkt. No. 25. The Court granted an extension of the written discovery deadline until September

15, 2020 and depositions by October 30, 2020, Dkt. No. 27, and another extension of written discovery until September 29, 2020, and depositions by November 13, 2020, Dkt. No. 30.

On October 5, 2020, Plaintiff moved for a conference regarding its anticipated motion to compel discovery despite not, according to Defendants, meeting with Defendants in good faith to try to resolve the dispute. Dkt. Nos. 31, 33-34. The Court thus denied the motion for a conference and directed the parties to meet and confer. Dkt. No. 35. On October 20, 2020, Defendants moved to stay discovery pending a decision by the Court on its forthcoming motion for summary judgment. Dkt. No. 36. Defendants intended to file such motion based on a final determination by the OSHA that Plaintiff had "resigned [his] position, and that [his] resignation did not rise to the level of constructive discharge." Dkt. No. 36 at 2; Dkt. No. 36-3. The Court denied the motion to stay discovery on October 26, 2020. Dkt. No. 38.

During summary judgment briefing, on December 21, 2020, Plaintiff moved to amend the complaint to add allegations that Defendants also terminated his employment on the basis of his actual or perceived disabilities, i.e., his visual impairment, in violation of New York Executive Law § 296 ("NYSHRL") and New York Administrative Code § 8-107 ("NYCHRL"). The Court granted the motion to amend, finding that Plaintiff did not engage in undue delay in making the motion because Plaintiff represented, without challenge, that he could not have asserted the claim earlier as he had not yet satisfied the administrative requirement of receiving a right to sue letter. In addition, the parties had not yet completed discovery. After Plaintiff filed the amended complaint on December 29, 2020, Dkt. No. 51, the Court granted another extension of fact discovery to May 3, 2021. Dkt. No. 53. Defendants filed an amended answer on January 29, 2021. Dkt. No. 54.

**LEGAL STANDARD**

Summary judgment under Fed. R. Civ. P. 56 is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." *WWBITV, Inc. v. Vill. of Rouses Point*, 589 F.3d 46, 49 (2d Cir. 2009) (quoting *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)).

In determining whether there are any genuine issues of material fact, the Court must view all facts "in the light most favorable to the non-moving party," *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008), and the movant bears the burden of demonstrating that "there is no genuine dispute as to any material fact," Fed. R. Civ. P. 56(a). If the movant meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). It may not rely on "mere speculation or conjecture as to the true nature of the facts," *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted), or "on the allegations in [its] pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible," *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citation omitted). Rather, to survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record," Fed. R. Civ. P. 56(c)(1)(A), and demonstrating more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). If "the party opposing

summary judgment propounds a reasonable conflicting interpretation of a material disputed fact," summary judgment shall be denied.  *Schering Corp. v. Home Ins. Co.*, 712 F.2d 4, 9-10 (2d Cir. 1983).

## DISCUSSION

Summary judgment is ordinarily disfavored prior to discovery having been conducted. "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery."  *Hellstrom v. U.S. Dept of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000); *accord Great Wall de Venezuela C.A. v. Interaudi Bank*, 117 F. Supp. 3d 474, 492-93 (S.D.N.Y. 2015); *see also GMA Accessories, Inc. v. Croscill, Inc.*, 2007 WL 766294, at * 1 (S.D.N.Y. Mar. 13, 2007) (Lynch, J.) ("[S]ummary judgment motions prior to discovery are disfavored.").  Here, there is a genuine disputed issue of material fact regarding whether Casmento resigned or his employment was terminated.  Defendants rest their first argument for summary judgment on declarations from Volmar representatives and the OSHA final determination letter that Plaintiff resigned.  But Plaintiff has submitted a declaration that his employment was terminated.  Fact discovery in this case is not scheduled to be concluded until May 3, 2021.  Dkt. No. 53.  At the time this motion was made, document discovery was at its earliest stages and no depositions had been taken—either of Plaintiff or the Defendants.  Plaintiff has submitted a declaration pursuant to Fed. R. Civ. P. 56(d) setting forth specific reasons why it could not present facts essential to justify its opposition, including the depositions that it needs to take.  *See* Dkt. No. 45.  Defendants' motion is premature.

Defendants base their second argument on the contention that Plaintiff neither pleaded his compliance with Section 215(2)(b) of the New York Labor Law nor provided proof of his compliance.  *See* Dkt. No. 39-21.  But, with his opposition, Plaintiff has provided a declaration swearing that notice was provided on the New York Attorney General "[a]t or before" the time

that the action was commenced in accordance with New York Labor Law § 215(b) and has attached a copy of that notice. Dkt. No. 45 at 6; Dkt. No. 45-7. The notice, dated February 28, 2020 and addressed to the New York Attorney General, recites: "This letter shall serve as notice of commencement under Labor Law § 215(b)" and encloses a copy of the complaint. Dkt. No. 45-7. Therefore, summary judgment on this ground is denied.

Defendants' third and last argument turns on principles of administrative res judicata. Plaintiff filed an administrative complaint under Section 11(c) of the Act with OSHA on or about July 2, 2019. Dkt No. 45 ¶ 20. OSHA acknowledged receipt of Plaintiff's complaint on August 7, 2019 and sent him a letter advising him of the procedures for investigations of whistleblower complaints under Section 11(c) of the Act. *Id.*; Dkt. No. 45-8. The letter stated: "[T]he investigator will make a recommendation to his/her supervisor regarding whether the evidence provides reasonable cause to believe that the Respondent violated the specific statute in question." Dkt. No. 45-8 at 5. The letter advised that both Plaintiff and Volmar would be invited to make submissions and should retain relevant evidence and provide contact information for witnesses who could support or refute the alleged retaliation. *See id.* It further advised that "[b]oth parties are expected to actively participate in the investigation and to respond to OSHA's requests and both parties are given an opportunity to rebut the opposing party's position." *Id.* It also explained that complainants under Section 11(c) have no right to have a case heard by an administrative law judge, since in order to reach the merits, "the Department of Labor would have to file a complaint in district court to remedy the retaliation." *Id.* OSHA initiated an investigation and then declined to commence an action; an investigator determined that Casmento voluntarily resigned. *See id.*

6

State law determines the conclusive effect of a prior judicial or administrative proceeding on a state law cause of action. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001) (a federal court sitting in diversity applies the preclusion law "that would be applied by state courts in the State in which the federal diversity court sits"). Under New York law, "the doctrines of res judicata and collateral estoppel are applicable to give conclusive effect to the quasi-judicial determinations of administrative agencies, when rendered pursuant to the adjudicatory authority of an agency to decide cases brought before its tribunals employing procedures substantially similar to those used in a court of law." *Ryan v. N.Y. Tel. Co.*, 467 N.E.2d 487, 490 (N.Y. 1984) (internal citations omitted). Res judicata requires (1) a final judgment in the first action, (2) that was rendered on the merits, (3) between the same parties or their privies in both actions, and (4) concerning the same claim in both actions. *See Razzano v. Remsenburg-Speonk Union Free Sch. Dist.*, 2020 WL 5820327, at *8 (E.D.N.Y. Sept. 30, 2020) (citing *In re Hunter*, 827 N.E.2d 269, 274 (N.Y. 2005)). Collateral estoppel "bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (citing *Kaufman v. Eli Lilly & Co.*, 482 N.E.2d 63, 67 (N.Y. 1985)); *see Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*, 411 F.3d 306, 312 (2d Cir. 2005) ("New York courts will give administrative determinations preclusive effect if made in a quasi-judicial capacity and with a full and fair opportunity to litigate the issue.").[1]

---

[1] Defendants argue for the application of the doctrine of "res judicata, or claim preclusion" in which a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *EDP Medical Comput. Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (internal quotation marks and citation omitted). The doctrine of res judicata is "separate from the related doctrine of collateral

Federal principles are substantially similar. "When an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." *Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 290 (2d Cir. 2008) (quoting *United States v. Utah Constr. Co.*, 384 U.S. 394, 422 (1966)); *see Marvel Characters*, 310 F.3d at 286 ("[T]here is no discernible difference between federal and New York law concerning res judicata and collateral estoppel.").

Defendants' motion fails on both res judicata and collateral estoppel grounds. Both doctrines apply only to "administrative agencies acting in an adjudicative capacity." *Greenberg v. Bd. of Governors of the Fed. Rsrv. Sys.*, 968 F.2d 164, 168 (2d Cir. 1992). "[I]f the administrative proceeding has not been of an adjudicative nature, a decision arrived at by the administrative agency cannot have res judicata effect. . . . An action taken by an administrative agency . . . is not an adjudicated action unless the agency has made its decision using procedures

---

estoppel, or issue preclusion." *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 284 n.5 (2d Cir. 2000); *see Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) (res judicata and collateral estoppel are "related but distinct doctrines"). "Collateral estoppel (i.e., issue preclusion) prevents a party from relitigating certain factual issues, even in the context of different legal claims." *Ferring B.V. v. Serenity Pharm., LLC*, 391 F. Supp. 3d 265, 284 (S.D.N.Y. 2019); *see Wyly v. Weiss*, 697 F.3d 131, 140 (2d Cir. 2012) (issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim").

The issue of whether Plaintiff was terminated or resigned is a factual issue that could be dipositive of all his claims: his whistleblower retaliation claim that is the subject of this motion and his NYSHRL and NYCHRL claims that are based on his alleged termination. Defendants likely move on the grounds of res judicata only because they brought this motion before Plaintiff amended his complaint to add the NYSHRL and NYCHRL claims, and thus the whistleblower retaliation claim was the only claim that existed at the time of briefing. In any event, Defendants' argument fails whether it is understood to be based on res judicata or collateral estoppel.

substantially similar to those employed by the courts." *Delamater v. Schweiker*, 721 F.2d 50, 53 (2d Cir. 1983) (citing Restatement (Second) of Judgments § 83 (1982)).  Thus, where there is "no hearing, no subpoenaed evidence, no argument, no opportunity to test any contention by confrontation . . . [t]he doctrine of administrative res judicata thus ha[s] no application." *Id.* at 54; *accord United States ex rel. Kirk v. Schindler Elevator Corp.*, 926 F. Supp. 2d 510, 520-21 (S.D.N.Y. 2013); *see also Metromedia Co. v. Fugazy*, 983 F.2d 350, 366 (2d Cir. 1992) ("[E]ven if the issues in the two proceedings are identical, a decision by an administrative agency cannot be the basis for collateral estoppel unless it was an adjudicative decision.").

Plaintiff's claim is not barred by principles of res judicata or collateral estoppel because the determination was not made in an adjudicative capacity, the investigator was not carrying out a quasi-judicial function, and Plaintiff did not have a full and fair opportunity to litigate the issue.

The Second Circuit has held that an OSHA investigation is "not an . . . adjudication akin to a civil trial."  *Conn. Dep't of Env't Prot. v OSHA*, 356 F.3d 226, 234 (2d Cir. 2004).  Upon the receipt by the Department of Labor of a complaint charging a violation of the Act, the Secretary of Labor (the "Secretary") need only "cause such investigation to be made as he deems appropriate." 29 U.S.C. § 660(c).  The Act does not provide for a judicial or quasi-judicial officer, a hearing, the opportunity to call witnesses, or the right of the complainant to confront the witnesses against him.  The function of the Secretary is purely investigative.  The Secretary's determination that there has been a violation does not result in an adjudication; it is a step precedent to the Secretary bringing an action in federal court where a hearing is held.  *See id.*  The complainant does not have a private right of action on her own under OSHA and, as a matter of administrative procedure, a complainant who is disappointed by the investigator's determination has no right to judicial review.

9

Moreover, as a matter of OSHA administrative procedure, a complainant is not a party to the investigation and has no right to call witnesses, no opportunity to take discovery or to subpoena documents or testimony, and no right to confront the witnesses against her or even necessarily to know their identities. *See* OSHA Whistleblowers Investigations Manual 3-22 ("It is unnecessary and improper to reveal the identity of witnesses interviewed. The complainant should be advised that OSHA does not reveal the identity of witnesses who request confidentiality."). Plaintiff did not have the opportunity to take discovery or examine witnesses. There was no hearing, no administrative law judge, and no procedure similar to that in court. *See* Dkt. No. 45 ¶ 21. The end result was a simple letter, with no reasoning and no discussion of the evidence.

In essence, Plaintiff was not required to file an OSHA complaint prior to bringing his action under the New York Labor Law. The two are separate remedies under separate bodies of law. Therefore, Plaintiff's lack of success in convincing the Secretary to bring a federal action on his behalf does not prevent him from availing himself of the remedies that New York state law has provided for the conduct he alleges.

This conclusion is in accord with the few cases that have considered the issue. In *Heinitz v. Standard Construction Inc.*, 609 N.Y.S.2d 102, 103 (3d Dep't 1994), for example, the court considered the identical question. The plaintiffs there brought an action under Section 740 of the New York Labor Law, alleging that they were subjected to retaliation as a result of their efforts to enforce standards of the Act, and they sought damages and equitable relief. The defendant moved for summary judgment on grounds of res judicata and collateral estoppel based on the fact that plaintiffs had filed a complaint with OSHA that was dismissed. The trial court rejected the motion for summary judgment and the appellate division affirmed. Among other things, the

court held: "[plaintiff]'s OSHA complaint was summarily dismissed without an evidentiary hearing.  As such, it is clear that in the OSHA proceeding [plaintiff] did not have an opportunity 'to employ procedures substantially similar to those utilized in a court of law' and, thus, a full and fair opportunity to contest the issues involved." *Id.* (internal citations omitted); *see also Hanna v. WCI Cmty., Inc.*, 348 F. Supp. 2d 1322, 1331 (S.D. Fla. 2004) (denying res judicata and collateral estoppel effect where "OSHA's 'preliminary order' was not based on the resolution of disputed facts in a forum where both parties had a fair and adequate opportunity to litigate their theories of the case").  Defendants have cited no contrary authority.

## CONCLUSION

The motion for summary judgment is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 39.


SO ORDERED.

Dated: March 19, 2021
New York, New York

                                        LEWIS J. LIMAN
                                        United States District Judge