UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                                                  :
CASMENTO, JR.,                                                    :
                                                                  :
                              Plaintiff,                          :
                                                                  :
             -v-                                                  :           20-cv-0944 (LJL)
                                                                  :
VOLMAR CONSTRUCTION, et al.,                                      :           OPINION AND ORDER
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  08/06/2021

LEWIS J. LIMAN, United States District Judge:

Defendants Volmar Construction, Inc., Efstathia Marinakis, and John Volandes ("Defendants") move for leave to serve the rebuttal Expert Report of Donald M. May ("May Report") out of time.  Dkt. No. 63.  Plaintiff John Casmento ("Plaintiff") opposes the motion and argues that the Court should exclude the testimony or, in the alternative, should require Defendants to bear Plaintiff's "reasonable expenses—including attorney's fees" in connection with Dr. May's deposition.  Fed. R. Civ. P. 16(f)(1).

Rule 37(c)(1) provides, in pertinent part, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  The rule goes on to provide that "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:  (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure . . . ."  *Id.*

Rule 16(f) provides that "[o]n motion or on its own, the court may issue any just orders . . . if a party or its attorney:  . . . (C) fails to obey a scheduling or other pretrial order" and that

"[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 16(f)(1), 16(f)(2).

The Second Circuit in *Softel* set forth the factors a court should consider in determining whether to preclude expert testimony.  *See Softel, Inc. v. Dragon Med. & Scientific Comm., Inc.*, 118 F.3d 955, 961 (2d Cir. 1997).  Those factors are: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  *Id.*; *see also Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006); *Amtrust North America, Inc. v. KF&B, Inc.*, 2020 WL 5578817, at *1 (S.D.N.Y. Sept. 16, 2020); *In re Specialist & Other Vessel Owner Limitation Actions*, 2020 WL 8665287, at *2 (S.D.N.Y. June 30, 2020).

Defendants failed to disclose and produce the May Report as required by Rule 26(a).  The operative case management plan in this case provided for expert discovery including disclosures and reports to be completed by June 11, 2021.  Dkt. No. 53.  It did not provide any intermediate dates for expert discovery.  Defendants make this motion on July 28, 2021.  Dkt. No. 63.  They first alerted the Court to their intent to proffer a report from Dr. May in a letter dated July 8, 2021.  Dkt. No. 60.

Considering the *Softel* factors, Defendants have articulated a reasonable explanation for the failure to make the expert disclosure earlier.  The May Report responds to a report of the Plaintiff's expert Edmund H. Mantell ("Mantell Report").  The Mantell Report is dated May 25,

2

2021, a mere two-and-a-half weeks before the close of expert discovery.[1]  Defendants state, without contradiction, that they had no notice of the report prior to that date.  Defendants reasonably stated that they "needed time to review the report, discuss the report with their attorneys, retain an expert, review the matter and the Mantell report with their expert, and have their expert draft his report."  Dkt. No. 63 at 2.

The second factor does not strongly favor either party.  The Mantell Report calculates Plaintiff's damages, and Defendants state that "[w]ithout the May report, Plaintiff's damages calculations will go to the trier of fact unchallenged."  *Id.*  On the other hand, Plaintiff is correct that the May Report does not offer any different calculation of Plaintiff's damages.  The May Report critiques the assumptions upon which Dr. Mantell bases his damages calculation; much of what is in the May Report could be accomplished for Defendants by their deposition of Dr. Mantell and cross-examination of him at trial.

For similar reasons, there is little prejudice to Plaintiff in permitting the May Report. This is not a case where the expert is introducing an entirely new theory or where the opposing party claims that new discovery will be necessary to meet the expert's claims.  *See Softel*, 118 F.3d at 962 (noting prejudice when opposing party "would have been forced, at a very late date in the discovery process, to accommodate potentially significant shifts in the theories being offered against it").  Dr. May is offering nothing new—other than a critique of Dr. Mantell and

---

[1] Plaintiff claims that the close of discovery was July 9, 2021, Dkt. No. 64, but that claim is misleading.  On June 1, 2021, the Court extended the discovery cutoff to July 27, 2021 but only for the limited purposes set forth in Plaintiff's May 27, 2021 letter.  Dkt. No. 59, granting Dkt. No. 58.  In his letter, Plaintiff stated that "[t]he requested extension will not affect the cutoff for expert discovery, which is set for June 11, 2021."  Dkt. No. 58.  Telllingly, that letter was sent only two days after the Mantell Report was served.  It would have violated the Court's order at Dkt. No. 59 for the Defendants to have served their report after June 11, 2021 without receiving leave of the Court.

his methodology.  Moreover, any prejudice can be cured by requiring Defendants to produce Dr.

May for deposition on one of three dates of Plaintiff's choosing before the end of September

2021 and conditioning receipt of the report on Defendants' payment of Plaintiff's counsel fees

for one lawyer not to exceed 7 hours of deposition time (which will include breaks).

Finally, a continuance is not necessary.  This is not a case where new expert testimony is

offered on the "eve of trial."  *Browe v. CTC Corp.*, 2017 WL 5992333, at *5 (D. Vt. Dec. 1,

2017).  Trial in this matter is scheduled for March 21, 2022, giving Plaintiff ample time to

depose Dr. May and serve a reply expert report, if desired.

For the reasons stated, the May Report will be received out of time conditioned on the

terms expressed herein.


SO ORDERED.

Dated: August 6, 2021
       New York, New York                    _____
                                                   LEWIS J. LIMAN
                                               United States District Judge