UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
CLIFFORD CASMENTO, JR.,

       Plaintiff,                              Case No. 20-cv-0944 (LJL)

-against-

VOLMAR CONSTRUCTION, INC.,
EFSTATHIA MARINAKIS, and
JOHN VOLANDES,

       Defendants.
------------------------------------------------------X

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Rabinowitz, Galina & Rosen
*Attorneys for Defendants*
94 Willis Avenue
Mineola, New York 11501
grosen@randglaw.net
(516) 739-8222

Defendants respectfully reserve the right to supplement or amend the following proposed Jury Instructions subject to developments during trial, including the Court's rulings.

## Instruction 1 – Duty of the Court

I will now instruct you on the rules of law that apply to this case. Then, you will retire for the most important part of this case, your deliberations.

You are the sole and exclusive judges of the facts and nothing I say or do should be taken by you as an indication of my opinion as to the facts. Neither I nor anyone else can take over your role which is to determine the facts.

My role is to preside impartially and not to express any opinion concerning the facts. Any opinion of mine on the facts would, in any event, be irrelevant because the facts are for you to decide. On the other hand, and with equal emphasis, I instruct you that in accordance with the oath you took as jurors you must accept the rules of law I give you whether or not you agree with them. You are not to ask anyone else about the law. You must not consider or accept any advice about the law from anyone other than me.

Each of you have a copy of these instructions so that you can follow them as I read them to you now and so that you can refer to them during your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction alone as stating the law, but you should instead, consider my instructions as a whole.

**Instruction 2 – Duty of the Jury**

Your function as jurors is to decide what has or has not been proven and to apply the rules of law I give you to the facts as you find them to be. The decisions you reach will be your verdict.

Your decisions will be based on the testimony you hear and the exhibits received in evidence during the trial.

As the sole judges of the facts, you must decide which of the witnesses you believe, which portions of their testimony you accept, and what weight you give to it. In determining the facts, you must rely upon your own recollection of the evidence. However, you will have all the exhibits with you at the start of your deliberations. If you need to review particular testimony, have the Marshal, who will be stationed outside the jury room, bring us a message and we will arrange to provide you with a transcript or to have the testimony read to you.

At times during the trial I may have sustained objections to questions, and you may hear no answer, or, where an answer has been given, I may have instructed that it be stricken or removed from the record and that you disregard it. You may not draw any inference or conclusion from an unanswered question nor may you consider testimony that has been stricken or removed from the record in reaching your decisions. The law requires that your decisions be made solely on the evidence before you. Any items I exclude from your consideration are excluded because they are not legally admissible.

The evidence before you consists of two (three) things: the testimony given by witnesses that was received in evidence and the exhibits that were received in evidence (and any stipulations or admissions of the parties that were received in evidence).

Anything that the lawyers may have said in their opening statements, questions, objections, or closing statements, is not evidence. Anything that I may have said is not evidence.

Testimony is the answers that were given by the witnesses to the questions that were permitted either here in court or in the depositions that were read into evidence.

### Instruction 3 – Duty of Impartiality

A lawsuit is society's method of determining disputes and it is basic to the administration of any system of justice that the decisions on both the law and the facts be made fairly and without bias.

You as the jurors and I as the Court have a heavy responsibility - to act impartially and ensure that a just result is reached in deciding the disputes between the Plaintiff and the Defendants in this case.

You should not show prejudice for or against any attorney or party because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

You should not draw any inferences from my rulings or from the fact that I may have asked questions of certain witnesses. My rulings were no more than applications of the law and my question were only to clarify or expedite matters. I have no opinion as to the verdict you should render in this case.

**Instruction 4 – Burden of Proof**

The burden of proof in this matter is on the Plaintiff, Mr. Casmento.

That means that he must establish by a fair preponderance of the credible evidence that the claims he makes are true.

The preponderance of the evidence means the greater part of the evidence. The phrase "preponderance" refers to the quality of the evidence, that is, its convincing quality, the weight and effect it has on your minds, not to the quantity.

The credible evidence means the testimony and exhibits you find believable and reliable.

The law requires that for Plaintiff to prevail on a claim, the evidence that supports his claim must appeal to you as more nearly representing what took place than the evidence opposed to his claim. If it does not appeal to you as more nearly representing what took place than the evidence opposed, or if it weighs so evenly that you are unable to say there is a preponderance on any side, then you must decide the question against Plaintiff.

It is only if the evidence favoring Plaintiff's claim outweighs the evidence opposed to it that you can find in favor of Plaintiff.

In reaching your verdict you are not to be affected by sympathy for any of the parties or any consideration outside the case as it has been presented to you in this courtroom.

The burden is on the Plaintiff to prove, by a fair preponderance of the credible evidence that he was demoted or terminated because he complained about, or threatened to report, or reported, safety violations that he considered contrary to applicable law; or because of a visual disability or in retaliation for requests for accommodations for a visual disability.

**Instruction 5 – Types of Evidence**

Direct evidence is evidence of what a witness saw, heard, or did, which, if believed by you, proves a fact. For example, suppose a fact in dispute is whether I knocked over this water glass near the witness chair. If someone testifies that she saw me knock over the glass, that is direct evidence that I knocked over the glass.

Circumstantial evidence is evidence of a fact that does not directly prove a fact in dispute but which permits a reasonable inference or conclusion that the fact exists. For example, a witness testifies that he saw this water glass on the bench. The witness states that, while he was looking the other way, he heard the breaking of glass, looked up, and saw me wiping water from my clothes and from the papers on the bench. This testimony is not direct evidence that I knocked over the glass; it is circumstantial evidence from which you could reasonably infer that I knocked over the glass.

Those facts that form the basis of an inference must be proved and the inference to be drawn must be one that reasonably may be drawn. In the example, even though the witness did not see me knock over the glass, if you believe her testimony, you could conclude that I did. Therefore, the circumstantial evidence, if accepted by you, allows you to conclude that the fact in dispute has been proved.

In reaching your conclusion you may not guess or speculate. Suppose, for example, the witness testifies that the water glass was located equally distant from the court clerk and me. The witness states she heard the breaking of glass and looked up to see both the court clerk and me brushing water from our clothes. If you believe that testimony, you still could not decide on that evidence alone who knocked over the water glass. Where these are the only proved facts, it only would be a guess as to who did it. However, if the witness also testifies that she heard the court

clerk say "I am sorry," then this additional evidence would allow you to decide who knocked over the water glass.

Facts may be proven by either direct or circumstantial evidence or by a combination of both. You may give circumstantial evidence less weight, more weight, or the same weight as direct evidence.

## Instruction 6 – Credibility of Witnesses

The attorneys for Plaintiff and Defendants are asking you to draw different conclusions from the same facts. You will need to make judgments about the credibility of the witnesses you have heard. You may determine a witness' truthfulness the same way you would determine anyone else's truthfulness, by using your common sense and assessing the witness' demeanor, recollection, knowledge, consistency, or any other factor that you consider.

**Instruction 7 – Expert Witnesses**

You will recall that Doctors Donald May and Edmund Mantell testified concerning their qualifications as economists and gave their opinions concerning Plaintiff's economic damages. When a case requires special knowledge or skill that most people do not have, a qualified witness is permitted to state his opinion for the information of the Court and jury. The opinions stated by Doctors May and Mantell were based on particular facts as they obtained knowledge of them and testified about them or as the attorneys who questioned them asked them to assume.

You may reject any opinion if you find the facts to be different from the facts that formed the basis for the opinion. You may also reject an opinion if, after careful consideration of all the evidence in the case, including their cross-examination, you decide that an opinion is not convincing. In other words, you are not required to accept any opinion to the exclusion of the facts and circumstances disclosed by other evidence. Opinion testimony should be evaluated in the same way as the testimony of any other witness. It is given to assist you in reaching a proper conclusion; it is entitled to such weight as you find the witness's qualifications in the field warrant and must be considered by you, but is not controlling upon your judgment.

**Instruction 8 - Whistleblower Retaliation - N.Y. Labor Law § 215.1; NYCAC § 8-107[7]**

As you now know, Mr. Casmento has brought this action to recover damages for retaliatory termination. Mr. Casmento claims that he was terminated in retaliation for being a whistleblower. In this case, a whistleblower is someone who reported violations of controlling safety laws.

In order for Mr. Casmento to recover, he must prove by a preponderance of the evidence that he was a whistleblower or threatened to be a whistleblower, that he was terminated and did not resign, and that such termination was due to his being a whistleblower.

**Instruction 9 – Disability Discrimination and Retaliation**

As you also now know, Mr. Casmento has brought this action to recover damages for disability discrimination and retaliatory termination. Mr. Casmento claims that he was discriminated against and terminated because of a visual disability and in retaliation for requests for accommodations for a visual disability.

In order for Mr. Casmento to recover, he must prove by a preponderance of the evidence that he was discriminated against and terminated because of his visual disability in retaliation for requests for accommodations for such visual disability.

## Instruction 10 – Compensatory Damages

My next instructions are on the laws of damages.

However, these instructions are not an indication that Plaintiff is, in fact, entitled to damages. As the sole judges of the facts, it is you, the jury, that will decide based upon the evidence and rules of law, whether Plaintiff is entitled to recover from Defendants.

If you decide that Plaintiff is not entitled to recover from Defendants, you need not consider damages.

However, if you find that Plaintiff is entitled to damages, then Plaintiff may be entitled to compensation for back pay.

Back pay is wages and any other economic or financial benefit Plaintiff would have received by virtue of his employment from the date of termination to the date of judgment.

Plaintiff may also be entitled to compensation for future damages, if any, that you find were caused by virtue of termination of Plaintiff's employment.

Future damages are future wages and any other economic or financial benefit Plaintiff will suffer from the date of your verdict to a future date when Plaintiff would have otherwise retired or resigned.

Plaintiff may also be entitled to compensation for imperceptible injuries such as emotional distress. In determining the amount of damages, if any, for imperceptible injuries, you should be guided by your common sense and your sense of what is fair and just.

Compensation for imperceptible injuries such as emotional distress should not be based upon sympathy or guesswork.

**Instruction 11 - Punitive Damages**

In addition to compensatory damages, Plaintiff is asking you to award punitive damages.

The purpose of punitive damages is not to compensate the Plaintiff but to punish the Defendants for willful or wanton conduct thereby discouraging Defendant and other employers from acting in a similar way in the future.

Malicious conduct is conduct that is done deliberately, with knowledge of Plaintiff's rights, and with the intent to interfere with those rights.

Wanton conduct is conduct which demonstrates conscious indifference and utter disregard of its effect upon the health, safety and rights of others.

If you find that Defendants' conduct was not malicious or wanton, you need proceed no further in your deliberations on this issue.

If you find that Defendants' conduct was malicious or wanton, you may award punitive damages which are reasonable and proportionate to Plaintiff's actual and potential harm, and to the compensatory damages you awarded Plaintiff.

## Instruction 12 – Selection of Foreperson; Right to See Exhibits, Hear Testimony, and Communicate with Court

You are about to retire to the jury room to begin your deliberations. When you get to the jury room, please select one of you as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

Each of you will have your own copy of these instructions and a verdict form. In addition, we will send in all of the exhibits that were admitted into evidence. If you need to review particular testimony, just send a message to us and we will arrange to provide you with a transcript or to have the testimony read to you.

Any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the Marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person. However, you should not tell me or anyone else how the jury stands on any issues until you have reached your verdict and recorded it on your verdict form.

**Instruction 13 - Verdict; Need for Unanimity; Duty to Consult**

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case; and your verdict must be unanimous. In deliberating, remember that the purpose of jury deliberation is to present your individual views; to listen to the views of fellow jurors; to discuss and consult with each other; to consider the evidence; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion which, after discussion with your fellow jurors, now appear to you erroneous.

In short, your verdict must reflect your individual view and it must also be unanimous.

This completes my instructions of law.