**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CLIFFORD CASMENTO, JR.,

                        Plaintiff,

       vs.

VOLMAR CONSTRUCTION, INC.,

EFSTATHIA MARINAKIS, and

JOHN VOLANDES,

                    Defendants.

No. 20 CV 0944 (LJL)

---

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS[1]

Wesley M. Mullen
MULLEN PC
200 Park Avenue, Suite 1700
New York, NY 10166
(646) 632-3718
wmullen@mullenpc.com

*Counsel for Plaintiff*

---

[1] These proposed instructions are filed with full reservation of all arguments. Plaintiff respectfully requests leave to amend, modify or add to these instructions, including at a charging conference, based on developments at trial, and based on rulings the Court may make on motions *in limine* or other matters.

## INSTRUCTION NO. 1

### Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all the evidence in this case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them, not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction alone as stating the law, but you should instead consider my instructions as a whole.

## INSTRUCTION NO. 2

### Duty of the Jury

Your duty is to decide the fact issues in this case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonably inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you all the exhibits at the start of your deliberations. If you need to review particular testimony, just send us a note and we can arrange to provide it to you in transcript or read-back form.

Please remember that none of what the lawyers have said in their opening statements in their closing arguments in their objections, or in their questions, is evidence. Nor is anything I may have said evidence. The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and any stipulations or admissions of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the depositions that were read into evidence. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answer are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may

not consider anything you heard about the contents of any exhibit that was not received in evidence. It is your duty not to speculate about matters not in evidence, but instead to focus exclusively on the evidence that was presented here in Court.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

Nor should you draw any inference from my rulings or from the fact that on occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my question were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

## INSTRUCTION NO. 3

### Duty of Impartiality

You are to perform your duty without bias or prejudice or sympathy as to any party, for all parties are equal under the law. You are to perform your duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals. It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

## INSTRUCTION NO. 4

**Burden of Proof; Preponderance of the Evidence**

As you know, this is a civil case. To prevail in a civil case, a party who is making a claim against another party has what we call the "burden of proof," which is the burden of proving each of the essential elements of that party's claim. You must weigh the evidence by a standard called the "preponderance of the evidence."

To establish an element of a claim by a "preponderance" of the credible evidence means to prove that the element is more likely true than not true. It does not mean the greater number of witnesses, or how much time either side employs in the trial. The phrase refers to the quality of the evidence, its persuasiveness in convincing you of its truth.

## INSTRUCTION NO. 5

### Direct and Circumstantial Evidence

In deciding whether a party meets its burden of proof, you may consider both direct and circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Later, as you were sitting here, someone walked in with a dripping wet umbrella, and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether it is raining. So you have no direct evidence of that fact. But on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or nonexistence of some other fact. Please note, however, it is not a matter of speculation or guess; it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

**INSTRUCTION NO. 6**

**Witness Credibility**

It must be clear to you by now that counsel for the opposing parties are asking you to draw very different conclusions about various factual issues in the case. An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

You decision to believe or to not believe a witness may depend on how that witness impressed you. How did the witness appear to you? Was the witness candid, frank, and forthright, or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent, or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some interest, incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts that he or she testified to?

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

The fact that some of the witnesses called to testify in this trial are still employed by Volmar may be considered in deciding whether their testimony is in any way influenced by that employment relationship with defendant Volmar.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

[In this case, some of the witnesses did not testify live in court, but you saw videos of their depositions, or heard them read by the lawyers and others. As I explained to you earlier, a deposition is sworn testimony of a witness taken before trial. You should evaluate deposition testimony in the same way you would evaluate live testimony.]

## INSTRUCTION NO. 7

### Specialized Testimony

The law permits parties to offer opinion testimony from witnesses who were not involved in the underlying events of the case but who by education or experience profess expertise in a specialized area of knowledge. In this case, damages experts have been offered as such witnesses. Specialized testimony is presented to you on the theory that someone who is learned in the field may be able to assist you in understanding specialized aspects of the evidence.

But your role in judging credibility and assessing weight applies just as much to these witnesses as to other witnesses. When you consider the specialized opinions that were received in evidence in this case, you may give them as much or as little weight as you think they deserve. For example, a specialized witness necessarily bases his or her opinions, in part or in whole, on what that witness learned from others, and you may conclude that the weight given the witness's opinions may be affected by how accurate or inaccurate that underlying information is. More generally, if you find that the opinions of a specialized witness were not based on sufficient data, education, or experience, or if you should conclude that the trustworthiness or credibility of such a witness is questionable, or if the opinions of the witness are outweighed, in your judgment, by other evidence in the case, then you may, if you wish, disregard the opinions of that witness entirely or in part. On the other hand, if you find that a specialized witness is credible, and that the witness's opinions are based on sufficient data, education, and experience, and that the other evidence does not give you reason to doubt the witness's conclusions, you may, if you wish, rely on that witness's opinions and give them whatever weight you deem appropriate.

## INSTRUCTION NO. 8

### Whistleblower Retaliation - N.Y. Labor Law § 215.1; NYCAC § 8-107[7]

The plaintiff, Mr. Casmento, contends that the defendants demoted him and terminated his employment because he reported safety violations that he considered to be contrary to federal, state and city laws.

It is unlawful under New York State law for an employer to discriminate or retaliate against an employee for making a complaint to the employer or to any other person that the employer has engaged in conduct that the employee reasonably believes violates the law.

It is unlawful under New York City law for an employer to discriminate against any person because he has opposed any practice that violates the law.

Demotion and termination of employment are adverse actions that constitute discrimination and retaliation if undertaken for an improper purpose.

An employee complaint or other communication does not need to make any explicit reference to any section or provision of law to trigger the protections of the law.

## INSTRUCTION NO. 9

**Disability Discrimination and Retaliation - N.Y. Exec. Law § 296; NYCAC § 8-107[7]**

The plaintiff, Mr. Casmento, contends that the defendants demoted him and terminated his employment because of his visual disability, and because he requested accommodation for his visual disability.

It is unlawful under New York State and New York City law for an employer to discriminate against an employee because of his age or disability.

It is also unlawful under New York State and New York City law for an employer to discriminate against an employee because he opposed or complained about unlawful practices related to workplace disability.

Demotion and termination of employment are adverse actions that constitute discrimination and retaliation if undertaken for an improper purpose.

## INSTRUCTION NO. 10

### Damages

I am now going to instruct you on the law of damages. The fact that I instruct you on the law of damages must not be taken as an indication that you should decide for Plaintiff. You will decide on the evidence presented and the rules of law that I have given you whether Plaintiff is entitled to recover from Defendants.

If you decide that Plaintiff is entitled to recover, you will award an amount as, in the exercise of your good judgment and common sense, you decide is fair and just compensation for the injury to Plaintiff that was caused by the Defendant's actions. In fixing that amount you should consider Plaintiff's professional history and his earning capacity, the extent to which his ability to work was affected by the Defendant's conduct, and all of the other facts and circumstances in the case.

If you find that defendant acted wrongfully, he is entitled to compensation for the back pay he would have received had the defendant not terminated his employment. This amount would consist of the wages, employee benefits and any other economic or financial benefit of employment plaintiff would have received from the date of termination to the date of judgment.

You may also award compensatory damages for any future damages that you find were caused by the defendants' conduct. An award of future damages necessarily requires that payment be made now for a loss that plaintiffs will not suffer until some future date. If you should find that a plaintiff is entitled to future damages, including future earnings, future medical benefits, or future retirement benefits, or any other economic or financial benefits that he would have enjoyed in the future that are lost because of the termination of his employment then you must determine the present value or worth, in dollars, of such future

damages from the date of your verdict until the date when the plaintiff would have retired, voluntarily resigned, or obtained other employment.

If you find the defendants liable, the plaintiff is also entitled to compensation for any intangible injuries he experienced as a result of defendant's unlawful conduct, including humiliation, emotional trauma, and mental suffering and anguish. No evidence of monetary value of intangible things like pain and suffering has been, or needs to be, introduced into evidence. A plaintiff is not required to have sought psychiatric or psychological treatment in order to recover damages for emotional distress. There is no exact standard for fixing the compensation to be awarded for those elements of damages. Any award you make should be fair in light of the evidence entered at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use your sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation or guesswork. On the other hand, the law does not require that the plaintiff prove his losses with mathematical precision, but only with as much definitiveness and accuracy as circumstances permit. There is no requirement that a plaintiff prove expenses, lost earnings, or that he suffered any measurable damages in order to him to receive compensation for mental suffering.

## INSTRUCTION NO. 11

### Nominal Damages

If you return a verdict for the plaintiff, but find that the plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you may return an award of nominal damages not to exceed the sum of one dollar.

Nominal damages may be awarded when the defendant has acted in violation of law but has suffered no actual damage as a consequence of that conduct.

## <u>INSTRUCTION NO. 12</u>

**Punitive Damages – Overview**

The damages that I have discussed with you so far are called compensatory, because they are intended to compensate for injury suffered by Plaintiff.   In addition, Plaintiff asks that you award punitive damages. A plaintiff is entitled to punitive damages where he proves that the defendant's actions amount to willful or wanton negligence, or recklessness, or where there is a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.

Punitive damages are designed to address gross misbehavior. They are intended not only to punish a defendant but also to deter future reprehensible conduct.

## INSTRUCTION NO. 13

### Punitive Damages - Amount

In arriving at your decision as to the amount of punitive damages you should consider the following factors:

1.    The nature and reprehensibility of what Defendants did. That would include the character of the wrongdoing and Defendants' awareness of what harm the conduct caused or was likely to cause.  In considering the amount of punitive damages to award, you should weigh this factor heavily.

2.    The actual and potential harm created by Defendants' conduct. The amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by Plaintiff, and to the compensatory damages you awarded Plaintiff.

3.    The Defendants' financial condition and the impact your punitive damages award will have on the defendant.

In reaching your verdict, you will state the amount, if any, awarded by you as punitive damages.

## INSTRUCTION NO. 14

**Selection of Foreperson; Right to See Exhibits and Hear
Testimony; Communications with the Court**

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of you as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law and a verdict form on which to record your verdict. In addition, we will send into the jury room all the exhibits that were admitted into evidence. If you want any of the testimony, that can also be provided, either in transcript or read-back form. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

## INSTRUCTION NO. 15

### Verdict; Need for Unanimity; Duty to Consult

You should not however, tell me or anyone else how the jury stands on any issues until you have reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case; and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors. That is the very purpose of jury deliberation – to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion which, after discussion with your fellow jurors, now appear to you erroneous.

In short, your verdict must reflect your individual view and it must also be unanimous.

This completes my instructions of law.