UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CLIFFORD CASMENTO, JR.,                    Case No. 20-cv-0944 (LJL)

       Plaintiff,

-against-

VOLMAR CONSTRUCTION, INC.,
EFSTATHIA MARINAKIS, and
JOHN VOLANDES,

       Defendants.
------------------------------------------------------------------X


# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE


Rabinowitz, Galina & Rosen
*Attorneys for Defendants*
*Volmar Construction, Inc.,*
*Efstathia Marinakis, and*
*John Volandes*
94 Willis Avenue
Mineola, New York 11501
(516) 739-8222

By: Gayle A. Rosen

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..............................................................................................1

ARGUMENT ........................................................................................................................1

I.  THE OSHA AND EEOC DETERMINATIONS SHOULD NOT BE
    EXCLUDED ..............................................................................................................1

    A.  The EEOC and OSHA Exhibits ..................................................................1

    B.  Legal Standards ............................................................................................2

    C.  Argument ......................................................................................................3

II. THERE ARE NO GROUNDS TO EXCLUDE PLAINTIFF'S
    CONVICTION FOR FALSIFYING BUSINESS RECORDS IN THE 1ST
    DEGREE ....................................................................................................................5

    A.  The Conviction Is Admissible Under Federal Rule of Evidence 609(c)
        because the Certificate of Good Conduct Does Not Constitute a
        Finding that Plaintiff Has Been Rehabilitated ............................................5

    B.  The Conviction Should Be Admitted Under Federal Rule of Evidence
        609(b) because its Probative Value Substantially Outweighs any
        Prejudicial Effect ..........................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Brandon v. Kinter*, 2021 WL 3032693 (N.D.N.Y. July 19, 2021) ...................................... 9, 10, 11

*Chamblee v. Harris & Harris Inc.*, 154 F.Supp.2d 670 (S.D.N.Y. 2001) ....................................... 4

*Daniels v. Loizzo*, 986 F.Supp. 245 (S.D.N.Y. 1997) .................................................................... 9

*Enilo v Port Auth. of N.Y. & N.J.*, 1996 WL 243235 (S.D.N.Y. May 10, 1996) ........................ 2, 4

*Hines v. Huff*, 2019 WL 3574246 (N.D.N.Y. Aug. 6, 2019) ........................................................ 10

*Mazzo v. Ibrahim*, 2011 WL 6003913 (S.D.N.Y. Dec. 1, 2011) .................................................. 10

*Paolitto v. John Brown E. & C., Inc.*, 151 F.3d 60 (2nd Cir. 1998) ............................................ 2, 3

*Sango v. City of N.Y.*, 1989 WL 86995 (E.D.N.Y. July 25, 1989). ................................................ 9

*Smith v. Universal Servs., Inc.*, 454 F.2d 154 (5th Cir. 1972) ........................................................ 4

*Strauss v. Microsoft Corp.*, 1995 WL 326492 (S.D.N.Y. June 1, 1995) ..................................... 2, 4

*U.S. v. DiNapoli*, 557 F.2d 962 (2nd Cir. 1977) ......................................................................... 6, 7

*U.S. v. Estrada*, 430 F.3d 606 (2nd Dep't 2005) ............................................................................ 9

*U.S. v. Hourihan*, 66 F.3d 458 (2nd Dep't 1995) ........................................................................... 7

*U.S. v. Mahler*, 579 F.2d 730 (2nd Cir. 1978) ............................................................................... 9

*Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431 (2nd Cir. 1993) ..................................... 5, 11

**Statutes**

New York Correction Law § 703 .............................................................................................. 7, 8

New York Correction Law § 706 ................................................................................................. 7

New York Correction Law § 702 ................................................................................................. 7

New York Penal Law § 175.05 .................................................................................................... 9

New York Penal Law § 175.10 ................................................................................................ 9, 10

**Rules**

Fed. R. Evid. 403 ......................................................................................................................... 2

Fed. R. Evid. 609 ................................................................................................ 5, 6, 8, 9, 10

**PRELIMINARY STATEMENT**

Defendants Volmar Construction, Inc., Efstathia Marinakis, and John Volandes, submit this Memorandum of Law in opposition to Plaintiff Clifford Casmento, Jr.'s ("Plaintiff" or "Casmento") motion in limine (the "Motion").

**ARGUMENT**

**I. THE OSHA AND EEOC DETERMINATIONS SHOULD NOT BE EXCLUDED**

1. The first branch of Plaintiff's Motion seeks to exclude Exhibit 171, which is the OSHA dismissal of Plaintiff's OSHA complaint and is annexed to the moving papers as Exhibit A; Exhibit 172, which is the OSHA denial of review of OSHA's dismissal of Plaintiff's OSHA complaint and is annexed to the moving papers as Exhibit B; and Exhibit 173, which is the EEOC's dismissal of Plaintiff's EEOC complaint and is annexed to the moving papers as Exhibit C.

2. As is set forth more fully below, this Court has the discretion to admit these three exhibits and should do so.

**A. The EEOC and OSHA Exhibits**

3. Defendants seek admission of two (2) OSHA documents.

4. The first is the September 22, 2020 OSHA decision dismissing Plaintiff's complaint under Section 11(d) of the Occupational Safety and Health Act (the "OSHA Dismissal").

5. The OSHA Dismissal acknowledges that Plaintiff claimed that he was fired and that Volmar claimed Plaintiff resigned, *See* Exhibit A at 1.

6. The OSHA dismissal states, that it has completed an investigation into Plaintiff's alleged wrongful termination, and found that Plaintiff "initiated the steps to end his employment by resigning his position and did not experience an adverse action." *Id.* OSHA based this finding on Plaintiff giving a resignation notice on May 22, 2019 and Volmar accepting this notice on May

30, 2019, leading to Plaintiff's end of employment for Volmar on June 3, 2019. It therefore concludes that Defendants did not violate the Occupational Safety and Health Act and dismissed Plaintiff's complaint. *Id.*

7.   The second OSHA document is OSHA's denial of Plaintiff's appeal of the OSHA Dismissal (the "OSHA Denial of Appeal"). In the OSHA Denial of Appeal, OSHA stated that after a review, the evidence showed that Plaintiff voluntarily resigned his position with Volmar and that he was not constructively discharged by Volmar. Exhibit B.

8.   Defendants also seek admission of the United States Equal Employment Opportunity Commission Dismissal and Notice of Rights wherein, EEOC states that, after an investigation, it was unable to conclude that Defendants violated any statute enforced by the EEOC. Exhibit C.

## B.   Legal Standards

9.   To determine whether the OSHA and EEOC exhibits should be admitted, district courts in the Second Circuit apply Federal Rue of Evidence 403's balancing test. *See, e.g., Paolitto v. John Brown E. & C., Inc.*, 151 F.3d 60, 64 (2nd Cir. 1998); *Enilo v Port Auth. of N.Y. & N.J.*, 1996 WL 243235, at *4 (S.D.N.Y. May 10, 1996); *Strauss v. Microsoft Corp.*, 1995 WL 326492, at *3 (S.D.N.Y. June 1, 1995).

10.   Pursuant to this Rule, this Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

11.   The party against whom an EEOC or OSHA "determination is admitted must attempt to expose the weaknesses of the report." *Paolitto*, 151 F.3d at 64. "[T]he district court is in the best position to consider the quality of the report, its potential impact on the jury, and the

2

likelihood that the trial will deteriorate into a protracted and unproductive struggle over how the evidence admitted at trial compared to the evidence considered by the agency." *Id.*

**C.   Argument**

12.   The OSHA and EEOC exhibits should be admitted into evidence because they were issued after investigations by trained investigators and are directly relevant to Plaintiff's claims that he was retaliated against by Defendants.

13.   As an initial matter, this Court's discussion of the OSHA and EEOC exhibits in relation to Defendant's Motion for Summary Judgment does not control for the instant motion in limine.

14.   In its order denying Defendants' summary judgment motion, the Court discussed various aspects of OSHA and EEOC investigations. Order (ECF Doc. 55) at 9–10. Defendants respectfully submit that the fact that the OSHA and EEOC determinations were not made in an adjudicative capacity, *see* Plaintiff's Memorandum of Law (ECF Doc. 78) at 2–4, is not controlling herein.

15.   While this aspect of the Court's Summary Judgment Order was used in part to determine that Plaintiff's claims are not barred by res judicata or collateral estoppel, the fact that the OSHA and EEOC determinations were not made in an adjudicative capacity has no bearing on whether to admit them as evidence for purposes of determining whether Plaintiff was fired or resigned and whether Plaintiff was unlawfully discriminated against. The cases cited *supra*, instead, show that this Court has the discretion to admit the EEOC and OSHA exhibits.

16.   These exhibits should be admitted because they were issued by federal agencies with experience investigating complaints of discrimination in the workplace. At least one court in this district has determined that findings submitted by these types of agencies are "highly probative" in determining whether Plaintiff was discriminated against in his alleged dismissal by

3

Defendants. *See Strauss v. Microsoft Corp.*, 1995 WL 326492, at *3 (S.D.N.Y. June 1, 1995) (alterations in original) (quoting *Smith v. Universal Servs., Inc.*, 454 F.2d 154, 157 (5th Cir. 1972) ("The fact that an investigator, trained and experienced in the area of discriminatory practices and the various methods by which they can be secreted, has found that it is likely that such an unlawful practice has occurred [or has not occurred], is highly probative of the ultimate issue involved in such cases.). Other courts in this district have also admitted agency determinations related to whether termination was discriminatory. *See Enilo v. Port Authority of N.Y. & N.J.*, 1996 WL 243235, at *4 (S.D.N.Y. May 10, 1996).

17. To avoid any prejudice that could possibly stem from admission of the EEOC and OSHA exhibits, this Court can give the jury a limiting instruction so that the jury properly weighs the OSHA and EEOC exhibits. *See Strauss*, 1995 WL 326492, at *4 ("To guard against potential prejudice, [] the Court shall provide the jury with a limiting instruction at the appropriate time."); *Enilo*, 1996 WL 243235, at *4 ("The [EEOC Determination] was admitted with a limiting instruction."); *Chamblee v. Harris & Harris Inc.*, 154 F.Supp.2d 670, 678 (S.D.N.Y. 2001) ("The jury will view the evidence of the EEOC 'probable cause' finding in the context of a limiting instruction that a finding of 'probable cause' is not a final determination of liability, and that they have an independent duty as fact finders to make their own determination of the issue."). Such a limiting instruction has been found sufficient to ameliorate any prejudice that exist if exhibits like the EEOC and OSHA exhibits are introduced. *See id.*

18. Further, Plaintiff has other means to reduce any potential prejudice. For instance, "[Plaintiff] remains free to present evidence refuting the findings of the EEOC [and OSHA] and pointing out any deficiencies contained in [their] determination[s]." *Strauss*, 1995 WL 326492, at *4.

## II. THERE ARE NO GROUNDS TO EXCLUDE PLAINTIFF'S CONVICTION FOR FALSIFYING BUSINESS RECORDS IN THE 1ST DEGREE

19. As is explained further below, records concerning Plaintiff's criminal conviction for falsifying business records in the 1st degree (the "Conviction") are admissible.[1] Plaintiff pled guilty to this felony on March 13, 2012.

### A. The Conviction Is Admissible Under Federal Rule of Evidence 609(c) because the Certificate of Good Conduct Does Not Constitute a Finding that Plaintiff Has Been Rehabilitated

20. Plaintiff first argues that records concerning the Conviction should be excluded pursuant to Federal Rule of Evidence 609(c)(1). This Rule states that "[e]vidence of a conviction is not admissible if: (1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure ***based on a finding that the person has been rehabilitated*** . . . ." Fed. R. Evid. 609(c)(1) (emphasis added). Since there has been no finding that Plaintiff has been rehabilitated, the Conviction is admissible under Federal Rule of Evidence 609(c)(1).

21. The Second Circuit has "construed Rule 609(c)(1) strictly, interpreting it to bar admission of a prior conviction only when there has been an *express* finding that the person convicted has been rehabilitated." *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 435 (2nd Cir. 1993) (emphasis added). If "[t]he record contains no evidence of a finding that [Plaintiff] was rehabilitated," there is no "finding of rehabilitation within the meaning of Rule 609(c)(1)." *Id.* This is supported by the Notes of Advisory Committee on Proposed Rules, which holds that a "pardon or its equivalent ***granted solely for the purpose of restoring civil rights lost by virtue of***

---

[1] Defendants argue for admission of records related to Plaintiff's conviction for falsifying business records. Defendants do not argue that records related to Plaintiff's convictions for attempted robbery in the second degree, robbery in the second degree, and felony possession of a firearm should be admitted into evidence.

5

***a conviction has no relevance to an inquiry into character***. If, however, the pardon or other proceeding is hinged upon a showing of rehabilitation the situation is otherwise." Fed. R. Evid. 609(c)(1) notes of advisory committee on proposed rules (emphasis added).

22. While Plaintiff received a Certificate of Good Conduct (the "Certificate") concerning the Conviction, Mullen Decl. Ex. C (ECF Doc. 77-3) at 10, this is not a certificate of rehabilitation for purposes of Fed. R. Evid. 609(c)(1), as it does not contain an express finding that Plaintiff has been rehabilitated.

23. Issuance of the Certificate alone, without an express finding of rehabilitation, does not mean that any authority has deemed Plaintiff rehabilitated.

24. Nowhere does the Certificate state that it is based on a finding of rehabilitation. Mullen Decl. Ex. C (ECF Doc. 77-3) at 10. Instead, it states that Plaintiff has maintained a record of good conduct and that legal bars to employment, license and privilege have been removed. *Id.*

25. There is absolutely no finding of rehabilitation on the face of the certificate, which supports that it is not a certificate of rehabilitation for purposes of Federal Rule of Evidence 609(c). *See U.S. v. DiNapoli*, 557 F.2d 962, 966 (2nd Cir. 1977) (upholding a trial court finding that a certificate of relief from disabilities does not constitute a finding of rehabilitation, in part, because "[o]n its face, the certificate here does not disclose the reasons for its issuance").

26. Instead, this is the equivalent of a pardon granted to restore Plaintiff's civil rights and does ***not*** hinge on a finding of rehabilitation, which the Committee Notes cited *supra* dictate are relevant for an inquiry into Plaintiff's character. *See* Mullen Decl. Ex. C (ECF No. 77-3) at 10 (stating that the purpose of the Certificate is to remove legal bars to employment, license, and privilege).

27. Second, it is clear from the statute authorizing certificates of good conduct that they do not require a finding of rehabilitation. Correction Law § 703-a states that "[a] certificate of good conduct may be granted as provided in this section to relieve an individual of any disability, or to remove any bar to his employment, automatically imposed by law by reason of his conviction of the crime or of the offense specified therein." New York Correction Law § 703-a. The statute says nothing about such a certificate requiring a finding of rehabilitation. *Id.* At the very least, this means that the mere issuance of the Certificate, alone, does not show that Plaintiff has been rehabilitated. Further, Correction Law § 706 is clear that a certificate of good conduct is not a pardon. New York Correction Law § 706. Under these circumstances, the Certificate is not based on a finding of rehabilitation. *See DiNapoli*, 557 F.2d at 966 (finding, in part, that a certificate that does not require a finding of rehabilitation as a prerequisite for it to be issued is outside the scope of Federal Rule of Evidence 609(c)).

28. Additionally, the Second Circuit has case law regarding a similar certificate granted in New York, which is a certificate of relief from disabilities. It is clear that such certificates are not certificates of rehabilitation under Federal Rule of Evidence § 609(c). *U.S. v. Hourihan*, 66 F.3d 458, 464 (2nd Dep't 1995) ("Defendant argues that his Certificate of Relief from Disabilities qualifies under [Federal Rule of Evidence § 609(c). This Court has held to the contrary.").

29. The statutes which provide for certificates of relief from disability state that for such a certificate to be granted, the issuer must be satisfied that "[t]he relief to be granted by the certificate is consistent with the rehabilitation of the eligible offender." New York Correction Law §§ 702(2)(b). The Second Circuit holds that this language is insufficient for a certificate of relief from disabilities to show that a convict has been rehabilitated. *DiNapoli*, 557 F.2d at 966 ("[T]he proper construction of this requirement is that the certificate should be issued when it will be an

7

aid to rehabilitation. It does not require, as appellant contends, a determination that the convict has already been rehabilitated.").

30. The language of Correction Law § 703-b, which allows for the issuance Certificate, contains almost identical language. New York Correction Law §§ 703(b)(1)(b) ("The department of corrections and community supervision shall have the power to issue a certificate of good conduct . . . when the department is satisfied that . . . the relief to be granted by the certificate is consistent with the rehabilitation of the applicant."). If language stating that a certificate of relief from disability is consistent with rehabilitation does not create a certificate of rehabilitation for purposes of Federal Rule of Evidence § 609(c)(1), then almost identical language regarding the Certificate also does not create a certificate of rehabilitation.

## B. The Conviction Should Be Admitted Under Federal Rule of Evidence 609(b) because its Probative Value Substantially Outweighs any Prejudicial Effect

31. Federal Rule of Evidence 609(b) bars the use of a conviction for impeachment purposes unless "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect."

32. The Conviction should be admitted pursuant to Federal Rule of Evidence 609(b) because Plaintiff's testimony is crucial in determining the outcome of this action, and the impeachment value of the Conviction is substantial.

33. It is true, as Plaintiff states, that convictions over ten years old should not typically be admitted. Plaintiff's Memorandum of Law (ECF Doc. 78) at 6. However, this Court has discretion to admit the Conviction. To determine whether to admit the Conviction, this Court "must consider a number of factors. These include the nature, age, and severity of the crime and its relevance to the witness's credibility, the importance of credibility as an issue in the case, the availability of other means to impeach the witness, and whether the witness has 'mended his ways'

8

or engaged in similar conduct recently." *Daniels v. Loizzo*, 986 F.Supp. 245, 252 (S.D.N.Y. 1997) (citing *Sango v. City of N.Y.*, 1989 WL 86995, at *18 (E.D.N.Y. July 25, 1989).

34. Courts in this district also consider the impeachment value of the prior conviction, how similar the past crime is to the current matter, the centrality of the witness's credibility to determining the matter, and the importance of the person's testimony. *Brandon v. Kinter*, 2021 WL 3032693, at *2. (N.D.N.Y. July 19, 2021). The most important factor is whether the crime is probative of Plaintiff's truthfulness. *Id.*

35. Further, "when convictions more than ten years old are sought to be introduced pursuant to Rule 609(b), the district judge must make an on-the-record finding based on specific facts and circumstances that the probative value of the evidence substantially outweighs the danger of unfair prejudice." *U.S. v. Mahler*, 579 F.2d 730, 734 (2nd Cir. 1978).

36. "[A]ll felonies are at least somewhat probative of a witness's propensity to testify truthfully." *U.S. v. Estrada*, 430 F.3d 606, 617 (2nd Dep't 2005).

37. To begin, the Conviction is a felony. New York Penal Law § 175.10. Therefore, it is at least somewhat probative of Plaintiff's propensity to tell the truth.

38. As to the most important factor, the Conviction is plainly probative of Plaintiff's propensity to tell the truth as it was for falsification of business records in the first degree. Mullen Affirmation Exhibit C (ECF No. 77-3) at 8.

39. The Conviction requires proving that Plaintiff committed (or admitted to) a dishonest act or admitting a false statement. *See* New York Penal Law § 175.05 ("A person is guilty of falsifying business records in the second degree when, with intent to defraud, he: Makes or causes a false entry in the business records of an enterprise; or Alters, erases, obliterates, deletes, removes or destroys a true entry in the business records of an enterprise; or Omits to make a true

9

entry in the business records of an enterprise in violation of a duty to do so which he knows to be imposed upon him by law or by the nature of his position; or Prevents the making of a true entry or causes the omission thereof in the business records of an enterprise."); *id.* at § 175.10 ("A person is guilty of falsifying business records in the first degree when he commits the crime of falsifying business records in the second degree, and when his intent to defraud includes an intent to commit another crime or to aid or conceal the commission thereof.).

40. Accordingly, the conviction satisfies the most important prong of the balancing test under Federal Rule of Evidence 609(b), as it directly implicates Plaintiff's propensity for truthfulness.

41. Further, the Conviction, by the time of trial, will be a mere 1.5 months past the 10 year limit imposed by Federal Rule of Evidence 609(b). This relatively short period of time weighs towards admitting the Conviction. *See, e.g., Mazzo v. Ibrahim*, 2011 WL 6003913, at *3 (S.D.N.Y. Dec. 1, 2011) (emphasis added) (excluding a conviction, in part, because "twenty-eight years has elapsed since the date of the conviction, which is ***significantly more*** than the ten year time frame contemplated by Rule 609(b)"); *Brandon*, 2021 WL 6003913, at *2–*3 (excluding convictions, in part, because they were from 2002 and 2004 and trial was scheduled for 2021); *Hines v. Huff*, 2019 WL 3574246, at *2 (N.D.N.Y. Aug. 6, 2019) (probative value of the conviction was diminished because it was 18 years old).[2]

---

[2] *Assuming arguendo*, that the trial commenced as originally scheduled on March 11, 2022, this analysis would not have been necessary, as trial would have begun just under 10 years after the Conviction. This underscores that the age of the Conviction leans heavily towards admission, as this approximately 1.5 month delay in trial is the only reason that the Conviction is not automatically admitted. Surely, the probative value of the Conviction has not been severely diminished because of this short delay in trial.

42. Third, the impeachment value of the Conviction is clearly substantial, and Plaintiff's testimony will be central in determining this matter. Two of Plaintiff's five causes of action rest on Plaintiff's claim that he was fired by Defendants. Amended Complaint (ECF Doc. 51) at ¶¶ 73–85, 89–91. However, Defendants argue that Plaintiff resigned and was never fired. Joint Pretrial Order (ECF Doc. 72) at 6.

43. Figuring centrally into the determination of whether Plaintiff resigned or was fired will be the substance of meetings between Plaintiff and certain employees of Defendant Volmar Construction, Inc., which will necessarily involve weighing the credibility of Plaintiff and Volmar employees as to what occurred during those meetings. *Id.* at 8.

44. Other conversations between Defendant Efstathia Marinakis, Plaintiff, and non-party Jazmine Ottley, Volmar's former human resources professional, *Id.* at 8, will also be central to determine whether Plaintiff resigned or was fired, and the credibility of Plaintiff will be crucial to the jury in determining which version of events to believe. *See, e.g., Brandon*, 2021 WL 3032693, at *2 ("[Because Plaintiff plans to offer his account of the food he was served and Defendants' conduct in response to his grievances, the Court will have to assess Plaintiff's credibility against that of Defendants, who are expected to testify to a different version of events. Plaintiff's character for veracity is therefore a central issue in this case.").

45. The same is true of Plaintiff's claims that he was fired for his alleged visual disability. Simply, Plaintiff claims that he was fired for his visual disability, while Defendants claim that they were unaware of any visual disability. Joint Pretrial Order (ECF Doc. 72) at 6. When a jury's assessment of credibility is "highly relevant to several disputed issues in the case," this weighs towards admitting the Conviction. *Zinman*, 983 F.2d at 434.

11

WHEREFORE, Defendants request that Plaintiff's motion be denied in its entirety and for such other and further relief as to this Court seems just and proper.

Dated: March 7, 2022

                                      Rabinowitz, Galina & Rosen
                                      *Attorneys for Defendants*
                                      *Volmar Construction, Inc.,*
                                      *Efstathia Marinakis, and*
                                      *John Volandes*

                                      */s/ Gayle A. Rosen*
                                      By: Gayle A. Rosen (GR2225)
                                      94 Willis Avenue
                                      Mineola, New York 11501
                                      (516) 739-8222
                                      grosen@randglaw.net