UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                            :

CLIFFORD CASMENTO, JR.,                   :

                                            :

                  Plaintiff,          :

                                            :         20-cv-0944 (LJL)

       -v-                         :

                                            :        MEMORANDUM

VOLMAR CONSTRUCTION, INC.,       :        AND ORDER

                                            :

                  Defendant.      :

                                            :

-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff Clifford Casmento, Jr. ("Casmento" or "Plaintiff") moves for (a) an Order *in limine* prohibiting all reference at trial to OSHA and EEOC administrative proceedings; and (b) an Order *in limine* prohibiting all reference at trial to Plaintiff's criminal conviction history.  Dkt. No. 76.

Plaintiff brings this action alleging both retaliatory termination in violation of New York Labor Law § 215.1 and that Defendants terminated his employment on the basis of his actual or perceived disabilities in violation of New York Executive Law § 296 ("NYSHRL") and New York Administrative Code § 8-107 ("NYCHRL").  In essence, Plaintiff alleges that after he complained to Defendant Volmar Construction, Inc. ("Volmar") about critical safety violations, he was demoted from his job as corporate safety director and ultimately fired.

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."  *United States v. Ulbricht*, 79 F. Supp. 3d 466, 478 (S.D.N.Y. 2015) (internal quotation marks omitted) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).  The Court considers each issue in turn.

**I.      OSHA and EEOC Determinations**

Before asserting his claims against the Defendants in this action, Plaintiff commenced

administrative proceedings before OSHA and the EEOC.  OSHA dismissed his complaint

finding that his employment was not terminated but that he voluntarily resigned.  Dkt. No. 77-1.

The EEOC issued Plaintiff a right-to-sue letter, stating that it was "unable to conclude that the

information obtained establishes violations of the statutes" it administers.  Dkt. No. 77-2.

Defendants have listed the OSHA dismissal of Plaintiff's OSHA complaint and denial of review

of that dismissal of his complaint as well as the EEOC dismissal of Plaintiff's EEOC complaint

as exhibits for trial.  Plaintiff seeks to exclude the evidence.

Findings from a regulatory body such as the EEOC are subject to the hearsay exception

under Rule 803(8)(C) of the Federal Rules of Evidence, for "factual findings resulting from an

investigation made pursuant to authority granted by law, unless the sources of information or

other circumstances indicate lack of trustworthiness."  *Cook v. Hatch Associates*, 2007 WL

1267023, at *1 (W.D.N.Y. Apr. 30, 2007) (first citing *Chandler v. Roudebush*, 425 U.S. 840,

863, n. 39 (1976); and then citing *Paolitto v. John Brown E. & C., Inc.*, 151 F.3d 60, 64 (2d Cir.

1998)).  The same principles would provide an exception to the hearsay rule for OSHA findings.

However, "the fact that evidence is within an exception to the hearsay rule does not by

itself make it admissible *per se*."  *Paolitto*, 151 F.3d at 64.  The Court must also determine that

its probative value is not substantially outweighed by the risk of jury confusion and of unfair

prejudice.  Fed. R. Evid. 403.  Here, the probative value of these documents is substantially

outweighed by the risk of unfair prejudice and jury confusion.  The question whether Plaintiff's

employment was terminated or whether he voluntarily resigned will be one of the central issues

at trial.  Plaintiff contends that his employment was terminated; Defendants contend he

2

voluntarily resigned.  Each party will be permitted to offer its evidence on that issue and to

challenge the other side's evidence.

The OSHA  and EEOC findings, which are conclusory and subject to *de novo* review,

thus have very little independent probative value.  "[I]t is not clear what evidence was considered

by the [agency] and how that evidence compares with the evidence to be presented at trial.  Nor

does it appear that the [agency] interviewed any witnesses as part of its fact-finding inquiry.

[Both letters] contain[] only conclusory findings that fail to describe the nature of [the agency]

investigation or the basis for its conclusions.  *See Cook*, 2007 WL 1267023, at \*2 (holding that

EEOC finding was of little probative value where it was conclusory and it was not clear that

EEOC had any evidence that would not be permitted at trial and it had not interviewed any

witnesses).  There is no evidence that the agencies had information other than that which each

party will be permitted to offer at trial.  *See Paolitto*, 151 F.3d at (holding that evidence was

permissibly excluded because the evidence plaintiff presented at trial undercut many of the

agency's findings and defendant "had a full opportunity to present to the jury all the evidence it

had submitted to the [agency]").  At the same time, however, because the agency findings

amount to "determination[s] on the merits, there is a heightened risk of unfair prejudice," and

"[t]he danger of jury confusion arises because jurors would not know what weight, if any, to give

it."  *Sulton v. Lahood*, 2009 WL 3815764, at \*2 (S.D.N.Y. Nov. 6, 2009); *see also McClain v.

Pfizer Inc.*, 2010 WL 746777, at \*2 (D. Conn. Mar. 1, 2010) (excluding OSHA determination on

theory that it would "invad[e] the exclusive province of the jury").

In addition, were the Court to admit the OSHA and EEOC findings it would also be

obliged to give Plaintiff an opportunity to challenge the fairness and thoroughness of the agency

process giving rise to a "likelihood that the trial will deteriorate into a protracted and

unproductive struggle over how the evidence admitted at trial compares to the evidence

considered by the agency." *Sulton*, 2009 WL 3815764, at *2 (internal quotation marks omitted

and alteration adopted) (quoting *Paolitto*, 151 F.3d at 65); *see also McClain*, 2010 WL 746777,

at *2 ("[T]o the extent that the issues addressed in the administrative proceedings and those that

are subject of this trial are different, these reports would tend to confuse the issues in the minds

of the jury.  Finally, the Court notes that information contained in the reports constitute

cumulative evidence duplicative of evidence that the parties are introducing in any event.").  The

plaintiff "would be forced to 'attempt to expose the weaknesses of the report, an effort that may

well confuse or mislead the jury and result in an undue waste of time.'"  *Sulton*, 2009 WL

3815764, at *2 (quoting *Paolitto*, 151 F.3d at 65).  In the exercise of its discretion, the Court thus

excludes the exhibits under Rule 403.  *See Doe v. University of Connecticut*, 2013 WL 4504299,

at *19 (D. Conn. Aug. 22, 2013) (excluding evidence and citing cases).

## II.      Defendant's Prior Conviction

Plaintiff has a lengthy but old criminal record.  He was convicted of attempted robbery in

the second degree and was sentenced on February 1, 1985 to four months imprisonment and five

years of probation.  He also has a 1988 conviction for robbery in the second degree.  He was

convicted of felony possession of a firearm and sentenced on March 31, 1999 to five years of

probation.  He was pled guilty to felony falsification of business records in the first degree and

was sentenced on March 13, 2012 to five years of probation.

On June 14, 2017, he was granted a certificate of good conduct from the New York State

Department of Corrections and Community Supervision, relieving him from all forfeitures,

disabilities and bars to employment and licensing as a result of those convictions.  Dkt. No. 77-3

at 9–10.  The certificate states that it "does not remove your record of conviction."  *Id.* at 9.

Defendants seek to admit only the felony falsification of business records conviction.  Plaintiff

seeks to exclude evidence of that conviction under Federal Rule of Evidence 609(b).

Rule 609(a) of the Federal Rules of Evidence provides in relevant part that a witness's

character for truthfulness can be attacked by evidence of a criminal conviction "for any crime

regardless of the punishment . . . if the court can readily determine that establishing the elements

of the crime required proving – or the witness's admitting – a dishonest act or false statement."

Fed. R. Evid. 609(a).  That rule, however, is subject to an important exception.  "[I]f more than

10 years have passed since the witness's conviction or release from confinement from it,

whichever is later," then "[e]vidence of the conviction is admissible only if: (1) its probative

value, supported by specific facts and circumstances, substantially outweighs its prejudicial

effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use

it so that the party has a fair opportunity to contest its use."  Fed. R. Evid. 609(b).

The Second Circuit has held that "convictions over ten years old [should] be admitted

very rarely and only in exceptional circumstances."  *Scotto v. Brady*, 410 F. App'x 355, 360 (2d

Cir. 2010) (internal quotation marks omitted) (quoting *Zinman v. Black & Decker (U.S.), Inc.*,

983 F.2d 431, 434 (2d Cir. 1993)).  "When balancing the probative value of a conviction against

its prejudicial effect, courts will examine four factors: '(1) the impeachment value of the prior

crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and

the conduct at issue, and (4) the importance of the credibility of the witness.'"  *Scoma v. City of*

*New York*, 2021 WL 1784385, at *11 (E.D.N.Y. May 4, 2021) (quoting *Daniels v. Loizzo*, 986 F.

Supp. 245, 450 (S.D.N.Y. 1997)); *see also Brandon v. Kinter*, 2021 WL 3032693, at *2

(N.D.N.Y. July 19, 2021); 4 Weinstein's Federal Evidence § 609.06[1] (2019).  In reviewing the

admission of convictions under Rule 609(b), the Second Circuit requires "the district judge to

make an on-the-record finding based on specific facts and circumstances that the probative value of the evidence substantially outweighs the danger of unfair prejudice."  *Jones v. New York City Health & Hospitals Corp.*, 102 F. App'x 223, 226 (2d Cir. 2004) (summary order) (internal quotation marks omitted and alteration adopted) (quoting *United States v. Mahler*, 579 F.2d 730, 734 (2d Cir. 1978)).

Plaintiff argues that Defendants should be precluded from offering evidence of his falsification of business records conviction both because he received a certificate of good conduct and also because its probative value does not substantially outweigh its prejudicial effect.  Plaintiff's first argument is mistaken.  Rule 609(c)(1) provides that "[e]vidence of a conviction is not admissible if: (1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding that the person has been rehabilitated, and the person has not been convicted of a later crime punishable by death or by imprisonment for more than one year."  The Second Circuit, however, has "construed Rule 609(c)(l) strictly, interpreting it to bar admission of a prior conviction only when there has been an express finding that the person convicted has been rehabilitated."  *Zinman*, 983 F.2d at 435.  In particular, the Court has held "the certificate of disabilities issued pursuant to N.Y. Correction Law §§ 700 *et seq.* is outside the scope of Fed. R. Evid. 609(c)."  *United States v. DiNapoli*, 557 F.2d 962, 966 (2d Cir.), *cert. denied*, 434 U.S. 858 (1977); *see also United States v. Hourihan*, 66 F.3d 458, 464 (2d Cir. 1995) ("Defendant argues that his Certificate of Relief from Disabilities qualifies under this rule. This Court has held to the contrary.").  Accordingly, Plaintiff's certificate of disability does not categorically preclude the use of the conviction as evidence for impeachment purposes at trial.

The crime of falsifying business records in the first degree bears directly on Plaintiff's character for truthfulness.  The offense is one that involves a dishonest act or false statement. *See Del Pesce v. Ingraham*, 2019 WL 2462275, at *3 (N.D.N.Y. June 13, 2019).  It is "akin to perjury," *Zinman*, 983 F.2d at 434, and has high impeachment value.  "Falsifying business records in the first degree is committed when a 'person,' with the requisite intent, makes or causes a false entry in the 'business records' of an enterprise.  The 'person' must act with an 'intent to defraud,' which includes 'an intent to commit another crime or to aid or conceal the commission thereof.'"  *People v. Kisina*, 924 N.E.2d 792, 795 (N.Y. 2010) (internal citations omitted).  The statute "incorporates the elements of Penal Law § 175.05 (falsifying business records in the second degree . . . )."  *People v. Bloomfield*, 844 N.E.2d 296, 299 (N.Y. 2006).  That statute makes it illegal for a person, "with intent to defraud" to (1) make or cause a false entry in the business records of an enterprise; (2) alter, erase, obliterate, delete, remove, or destroy a true entry in the business records of an enterprise; (3) omit to make a true entry in the business records of an enterprise in violation of a duty to do so which the person knows to be imposed upon him by law or by the nature of his position; or (4) prevent the making of a true entry or cause the omission thereof in the business records of an enterprise.  N.Y. Penal Law § 175.05.  To be convicted of the felony, the defendant's "intent to defraud" must include "an intent to commit another crime or to aid or conceal the commission thereof."  N.Y. Penal Law § 175.10.  Evidence that defendant previously criminally falsified business records is relevant to the truthfulness of his testimony regarding the business of Volmar and the question whether he resigned or was terminated.

Moreover, Plaintiff's conviction is not so ancient as to lose any probative force or to "suggest that [Plaintiff] had abandoned his earlier ways."  *United States v. Gilbert*, 668 F.2d 94,

97 (2d Cir. 1981).  By the time of trial, the conviction will be one and a half months past the

ten-year limit imposed by Rule 609(b).  This relatively short period of time weighs towards

admitting the prior conviction.  Furthermore, no argument has been made in this case "that the

two crimes were . . . so similar as to invite improper inferences."  *Gilbert*, 668 F.2d at 97.  The

jury will be able to understand the prior conviction for its impeachment value, without taking it

as propensity evidence.

Finally, this is a case in which the Plaintiff's credibility will be "crucial" and "critical."

*United States v. Payton*, 159 F.3d 49, 57–58 (2d Cir. 1998).  Defendants are expected to offer

evidence that they did not terminate Plaintiff's employment and did not commit safety violations.

Plaintiff is expected to testify "in direct contradiction" to that evidence.  *Id.* at 57.  He will be the

principal witness for his case.  *See Zinman*, 983 F.2d at 434 (upholding admission of

eighteen-year old conviction because plaintiff's "credibility was highly relevant to several

disputed issues in the case"); *Montanez v. City of Syracuse*, 2019 WL 4257134, at *3 (N.D.N.Y.

Sept. 9, 2019) (holding that evidence of plaintiff's convictions for welfare fraud and filing a false

instrument, although eighteen years old, was admissible, because of "the critical importance of

Plaintiff's credibility in this case").  Weighing the relevant factors, and considering the specific

facts and circumstances, the probative value of Plaintiff's prior conviction substantially

outweighs its prejudicial effect.

## CONCLUSION

Plaintiff's motion *in limine* is GRANTED IN PART and DENIED IN PART.

The Clerk of Court is respectfully directed to close Dkt. No. 76.


SO ORDERED.

Dated: April 12, 2022
      New York, New York

LEWIS J. LIMAN
United States District Judge

9