UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLIFFORD CASMENTO, JR., <br><br>          Plaintiff, <br><br>     vs. <br><br> VOLMAR CONSTRUCTION, INC., <br><br> EFSTATHIA MARINAKIS, and <br><br> JOHN VOLANDES, <br><br>          Defendants. | No. 20 CV 0944 (LJL) |

**PLAINTIFF'S REQUESTS FOR AND OBJECTIONS TO JURY INSTRUCTIONS**

Pursuant to Fed. R. Civ. P. 51 and the Court's instructions to the Parties during a charge conference held on the record on June 3, 2022, (*see* Trial Tr. ("Tr.") at 383-404), Plaintiff respectfully submits the following supplemental proposals and objections to the Court's Proposed Jury Instructions delivered to counsel during a trial recess on June 2, 2022.[1]

**A.     Instruction 1.11**

The first paragraph of Instruction 1.11 of the Court's Proposed Instructions accurately states the law and should be given as proposed. In *U.S. v. Bahna*, the Second Circuit favorably assessed a District Court's jury instruction — nearly identical to Proposed Instruction 1.11 — that:

> The law does not require [a party] to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require [a party] to produce as exhibit all papers and things mentioned in evidence.

---

[1] Plaintiff respectfully incorporates by reference the objections, exceptions and proposals made on the record by Plaintiff's counsel during the charge conference. (Trial Tr. at 383-404).

68 F.3d 19, 22 (2d Cir. 1995); *see also* Devitt, Blackmar, Wolff & O'Malley, FEDERAL CIVIL JURY PRACTICE AND INSTRUCTIONS § 73.11 (1999); *Martinez v. Thompson*, No. 9:04-CV-0440 (DEP), 2008 U.S. Dist. LEXIS 98961, at *35, 2008 WL 5157395 (N.D.N.Y. Dec. 8, 2008) ("the jury is presumed to have followed [the court's instruction] … that 'the law does not require any party to produce as exhibits all papers and things mentioned in evidence in this case.'").

For the same reasons, the final sentence of paragraph 2 of Proposed Instruction 1.11 should be modified to add the following bracketed language:

> The absence of any witnesses[, or the absence in evidence of any documents,] should not affect your judgment in any way.

Finally, The Defendants' suggestion that an adverse inference instruction be given, (Tr. at 388:24-389:2), based on Plaintiff's purported failure to "produce as exhibit all papers and things mentioned in evidence," *see id.*, is contrary to the above-cited law, *compare Bahna,* 68 F.3d at 22.

### B.     Instruction 2.1

Instruction 2.1 of the Court's Proposed Instructions should be modified as follows:

#### 1.     Individual Defendants

First, Proposed Instruction 2.1 should explain to the jury that the Plaintiff has asserted claims against individual defendants Ms. Marinakis and Mr. Volandes, and that those individuals can be liable under the Labor Law. Defendants did not object at the charging conference to Plaintiff's proposal. (*See* Tr. at 390:10-24.)

### 2. Termination and Demotion

Second, Proposed Instruction 2.1 should inform the jury that

> Demotion or termination constitutes discrimination and retaliation if undertaken for an unlawful purpose.

(*See* Tr. at 391:1-392:5.)

Labor Law § 215.1(a) provides that "No employer … shall *discharge*, threaten, *penalize*, or in any other manner discriminate or retaliate … " against a protected employee. *Id.* (emphasis added). Under the New York City Human Rights Law, NYCAC § 8-107[7], "retaliation or discrimination … need not result in an ultimate action with respect to employment" so long as "the retaliatory or discriminatory act … [is] reasonably likely to deter a person from engaging in protected activity." *Id.*

It is an elementary proposition of employment law that "[a]dverse employment actions include discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand." *Phillips v. Bowen*, 278 F.3d 103, 109 (2d Cir. 2002); *see also, e.g.*, *Fox v. Starbucks Corp.*, 19-CV-4650 (AJN), 2021 U.S. Dist. LEXIS 173419, at *12, 2021 WL 4155029 (S.D.N.Y. Sept. 13, 2021) ("Both federal and New York law prohibit termination of an employee in retaliation for the employee's participation in a protected activity.") (citing Labor Law § 215.1(a)).

The Plaintiff's proposed language, *supra*, should be inserted after the first full sentence of the second paragraph of Proposed Instruction 2.1 (regarding discrimination and retaliation on the basis of complaints under the New York Labor Law); and after the first full sentence of the third paragraph of Proposed Instruction 2.1 (regarding discrimination and retaliation for opposing practices that violate the law under the NYCHRL).

### 3. Reference to Specific Law Unnecessary

Third, Proposed Instruction 2.1 should be modified to add, after the second full paragraph:

> An employee complaint or other communication need not make explicit reference to any section or provision of the Labor Law to trigger the protections of the law. The Labor Law requires that general contractors ensure that construction sites are safe places to work.[2]

The first sentence of this proposed instruction tracks Labor Law § 215.1(a), which provides that "An employee complaint or other communication need not make explicit reference to any section or provision of this chapter to trigger the protections of this section." *Id.* Courts have explained that the term "this chapter" in Section 215 "refers to *any provision of the Labor Law*." *Grella v. St. Francis Hosp.*, 149 A.D.3d 1046, 1049 (2d Dept's 2017) (emphasis added). Omission from the jury instructions of the legislature's instruction that protected workers need not cite chapter and verse of the Labor Law would deny the Plaintiff one of the express protections of the law.

The second sentence of this proposed instruction is consistent with the New York Court of Appeals's instruction to lower (and federal) courts that "section 200 [of the Labor Law] is a codification of the common-law duty imposed upon an owner or general contractor to maintain a safe construction site." *Rizzuto v. L.A. Wenger Contracting Co.*, 91 N.Y.2d 343, 352, 693 N.E.2d 1068 (N.Y. 1998).

Defendants' proposal that the instruction include the verbatim text of the statute, (Tr. at 394), is confusing, unintelligible, and unnecessary. The terms "this chapter" and "this section" are explained neither in the Proposed Instruction nor in the text of Section 215.1.

---

[2] *Corrales-Patino v. Procida Constr. Corp.*, No. 19 CV 5579 (ER), 2021 U.S. Dist. LEXIS 220443, at *25, 2021 WL 5331528 (S.D.N.Y. Nov. 15, 2021) ("Section 200 [of the New York Labor Law] is a codification of the common-law duty of an owner or general contractor to ensure that construction sites are safe places to work.") (citation omitted).

### C.    Instruction 2.2

Instruction 2.2 of the Court's Proposed Instructions contain two alternative proposed charges: Plaintiff's and Defendants'. (See Proposed Instr. at 17-18.) As explained in Plaintiff's pre-trial objections, (ECF Doc. 91), Defendants' proposed charge is confusing, erroneous, and misstates the elements of the Plaintiff's claims, (*id.* at 5-6). Specifically, the Defendants' proposed charge fails to instruct the jury as to all of Plaintiff's claims, and it mischaracterizes the standard for causation. (*Id.*)

Plaintiff respectfully requests that the Court deliver the instruction described in the Proposed Instructions as "Plaintiff's Proposed Charge," modified as follows:

#### 1.    Individual Defendants

First, Proposed Instruction 2.2 should explain to the jury that the Plaintiff has asserted claims against the individual defendants, and that those individuals can be liable under the NYSHRL and NYCHRL. Defendants did not object at the charging conference to this suggestion. (*See* Tr. at 396:4-16.)

#### 2.    Failure to Accommodate

Second, as Plaintiff has previously objected,[3] Proposed Instruction 2.2 should instruct the jury as to Plaintiff's claim for failure to accommodate. As Plaintiff's counsel proposed at the charging conference, the following additional instructions should be given to the jury:

> To prevail on his claim for failure to accommodate under the New York State law, Mr. Casmento must prove by a preponderance of the evidence that he requested reasonable accommodation for his

---

[3] *See* ECF Doc. 91 at 5 ("[T]he instruction is erroneous because it omits Mr. Casmento's claims for failure to accommodate his disability.").

>disability and that his employer or an officer of his employer failed to make such accommodation.

and

>To prevail on his claim for failure to accommodate under the New York City law, Mr. Casmento must prove by a preponderance of the evidence that he requested reasonable accommodation for his disability and that his employer or an officer of his employer failed to make such accommodation.

The proposed charge is consistent with Plaintiff's pleadings[4] and with the evidence adduced at trial. Mr. Casmento testified that he has a visual impairment that affected his ability to do his job, (Tr. at 209:23-210:1), and that he was required by Volmar to use work-related mobile software called Safety Reports on his iPhone, (*id.* 210:23-211:4; *see* TX36 ("I'd like to purchase an iPad for safety reports. Currently using an iPhone, very difficult to see.")).

Mr. Casmento asked Volmar to "make it easier for [him] to see documents in connection with his work," (*id.* 211:17-18), by "request[ing] an iPad" from Mr. Peter Volandes of Volmar, (*id.* 211:22-23). Mr. Volandes initially approved the request and ordered the iPad, (*id.* 211:24-25), but Volmar never gave it to Mr. Casmento because "Effie [Marinakis] denied it," (*id.* 212:6-8), and told him to go get an eye exam instead, (*see id.*), even though Mr. Casmento had already had an exam on the day he requested the accommodation, (TX13 (Ophthalmologist's Report dated Feb. 9, 2019).

Later, when Mr. Casmento reiterated his request for accommodation, Peter Volandes denied in writing having received (let alone approved) the request. (TX37 ("I never received a request for an IPad").)

---

[4] FAC ¶ 65 (ECF Doc. 51) ("Notwithstanding Volmar's legal obligations, and notwithstanding Mr. Casmento's request for reasonable accommodation of his visual disability, Volmar — acting through Defendant Ms. Marinakis — refused to accommodate Mr. Casmento's visual disability.").

### 3. Response to Defendant's Objection

Defendant objected to the first paragraph of Proposed Instruction 2.2 — regarding disability discrimination — based on the representation of its counsel that "Mr. Casmento was asked and said he did not think that he was demoted or terminated because of his visual disability." (Tr. at 397:23-398:2.) In fact, Mr. Casmento testified that he was "not sure if [he] was fired for [his] visual impairment." (Tr. at 250:2-4.) The Defendant's objection — more properly construed as a premature Rule 50 motion — should be overruled because the evidence adduced, viewed in the light most favorable to Mr. Casmento is sufficient for a reasonable juror to conclude that one of the motivating or casual factors for Mr. Casmento's demotion and termination was his requests for accommodation. "[Q]uite obviously, discrimination is rarely admitted." *Mhany Mgmt. v. County of Nassau*, 819 F.3d 581, 610 (2d Cir. 2016). "A victim of discrimination is … seldom able to prove his or her claim by direct evidence and is usually constrained to rely on the cumulative weight of circumstantial evidence." *Rosen v. Thornburgh*, 928 F.2d 528, 533 (2d Cir. 1991).

### D. Instruction 3.1

As to Proposed Instruction 3.1, Defendants requested deletion of "an emotional distress reference" on the ground that "there is no claim for emotional distress or … any proof." (Tr. at 399:16-18.) Here too, this objection is in effect a Rule 50 motion for judgment as a matter of law on Plaintiff's claim for garden variety emotional distress damages, and it should be denied because it is the province of the jury to weigh the facts adduced at trial.[5]

---

[5] Defendants proposed an emotional distress instruction in their pre-trial submission. (*See* ECF Doc. 70 at 14 ("Plaintiff may also be entitled to compensation for imperceptible injuries such as emotional distress.").)

Mr. Casmento was asked "what effect … the firing had on [him] mentally and emotionally?" (Tr. at 232:7-8.) He testified, emotionally, that "It was upsetting," that he is "out of work three years," and that his "family is, you know, hurting." (Tr. at 232:9-10.) He also testified: "my wife and I have both been into all of our savings, and financially it's a struggle," since he uses his salary to support "[m]y wife and my granddaughter and my daughter." (Tr. at 232:12-18.) A reasonable jury will conclude that Mr. Casmento suffered emotionally; and, as the Proposed Instruction correctly states, "no evidence of monetary value of intangible things like pain and suffering has been, or needs to be, introduced into evidence." (Proposed Instruction 3.1 at 20.)

E.   **Instruction 3.3**

Objecting to Proposed Instruction 3.3, Defendant took the position at the charging conference that "punitive damages are not available in this case." That contention is contrary to Defendants' own proposed jury instructions, (ECF Doc. 70 at 15), and in any event, contrary to law.

Punitive damages are available for violations of the New York Labor Law. *Flannigan v. Vulcan Power Group, LLC*, 642 Fed. Appx. 46, 53 (2d Cir. 2016) (affirming judgment entered upon jury verdict awarding $900,000 in punitive damages for retaliation under Labor Law § 215); *see Gurung v. Malhotra*, 851 F. Supp. 2d 583, 594 (S.D.N.Y. 2012) (R&R) (recommending "a punitive damage award in the amount of $300,000" for violations of, *inter alia*, the New York Labor Law); *Veerman v. Deep Blue Group* LLC, No. 08 Civ. 5042 (WHP), 2010 U.S. Dist. LEXIS 117511, at *8, 2010 WL 4449067 (Nov. 3, 2010) (rejecting motion to vacate jury verdict awarding punitive damages for violations of Labor Law § 215)).

So too, "[u]nder both the NYSHRL and the NYCHRL, punitive awards are uncapped." *Brito v. Marina's Bakery Corp.*, 19-CV-00828(KAM)(MMH), 2022 U.S. Dist. LEXIS 53351, at *75 (E.D.N.Y. Mar. 24, 2022). The legislatures tell us so. The text of the New York State Human Rights Law creates

a "cause of action … for damages, including, in cases of employment discrimination involving private employers … *punitive damages*." N.Y. Exec. Law § 297.9 (emphasis added). Likewise, the New York City Human Rights Law expressly authorizes a "cause of action … for damages, *including punitive damages* … ." NYC Admin Code § 8-502(a) (emphasis added).

Proposed Instruction 3.3 should stand.

## CONCLUSION

Plaintiff respectfully requests that the Court's Proposed Instructions be modified and/or delivered to the jury, and that the Defendants' exceptions be overruled, as and for the reasons set forth above.

DATED:   June 5, 2022
         New York, New York

                MULLEN P.C.

By:   Wesley M. Mullen (WM1212)
      200 Park Avenue, Suite 1700
      New York, NY 10166
      (646) 632-3718
      wmullen@mullenpc.com

              COUNSEL FOR PLAINTIFF